UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PARISH, et al., | : | |
| Plaintiffs, | : | Case No. 3:07CV0452RL |
| v. | : | |
| CITY OF ELKHART, STEVE REZUTKO STEVE AMBROSE, TOM CUTLER, and JOHN DOES 1-12 | : | Judge Lozano |
| Defendants. | : | JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE
TO DEFENDANTS' SECOND MOTION TO DISMISS**

Defendant City of Elkhart and the individual defendants— employees of the City of Elkhart— having separately moved to dismiss the remaining state law claims against them, the plaintiffs now respond to the two motions[1] as follows.

The City, having already once moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), has now filed a second motion seeking dismissal on grounds being asserted (by motion) for the first time. In addition to being untimely, the Motion has no merit.

---

[1] With respect to the state law claims that are addressed in the individual defendants' Motion to Dismiss [Documents 109 and 110], there is no substantive disagreement between the parties. As the plaintiffs and the individual defendants agree, the plaintiffs have *not* asserted any state law claims against these defendants. Moreover, as the plaintiffs have always agreed, and this Court has reaffirmed as recently as March of this year, such individual suits are barred by the Indiana Tort Claims Act in most instances in any event; see *Perrey v. Donahue*, 703 F.Supp. 839, 856-57 (N.D. Ind. 2010).

Accordingly, the balance of this Response will address only the Motion to Dismiss filed by the City of Elkhart [Documents 35 and 36].

1

**I.    The Motion is Untimely and the New Grounds Asserted for Dismissal Cannot Be Considered by this Court.**

The courts generally prohibit the kind of piecemeal litigation represented by the City of Elkhart's Second Motion to Dismiss. Under the law of claim preclusion, for example, when a claim (or defense) has been raised *or could have been raised* in a first proceeding, relitigation of the same claim or defense in a second proceeding is barred. See *Ingalls v. AES Corp.*, 347 F. App'x. 246, 248 (7th Cir. 2009), applying Indiana's preclusion rules, as expressed in *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1048 (Ind. Ct. App.2007), to uphold the dismissal of a federal court action arising out of the same transaction as a previous Indiana case.

The same policy of preserving judicial economy applies to different stages of a single case pending in a single court; "raise it or waive it" is the general watchword. Moreover, litigants are required to make efficient use of the procedural tools that are put at their disposal. For example, Rule 12(b) of the Federal Rules of Civil Procedure states unequivocally that "A motion asserting any of these defenses [including the defense of failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed."

The City of Elkhart filed a Motion to Dismiss on February 25, 2008 [Document 35], which was untimely because its Answer had already been filed on December 4, 2007 [Document 19]. The plaintiffs did not object, however, and this Court considered the Motion on its merits and issued several rulings [Document 42].[2] Although the City's Answer had listed several Affirmative Defenses,

---

[2] Ironically, this Court *sua sponte* refused to consider the equivalent of a late-filled Motion to Dismiss in one of the cases that the City of Elkhart itself chiefly relies on; see *Kocon v. Lake County Sheriff's Dept.*, 2007 WL 1959239 (N.D. Ind. June 29, 2007), at *4. There, Magistrate Judge Cherry refused to consider the defense that the plaintiff had improperly pled certain state law claims, because such an attack on the pleadings should be raised by Rule 12(b)(6) motion— the time for which had already passed.
   To be sure, a merits-based attack on Kocon's state law claims was permitted in connection

its 2008 Motion to Dismiss was based solely on the assertion that both the state and federal claims were barred by the Statute of Limitations.

The City's accompanying Memorandum of Law [Document 36], moreover, was also limited to Statute of Limitations concerns, with the sole exception of four lines on page 6, which raised the issue of immunity under the Indiana Tort Claims Act, *but only with respect to the plaintiffs' claim for malicious prosecution*. There was no mention in either the Motion or the Memorandum of plaintiffs' claim for intentional infliction of emotional distress, which is, in turn, the *only* subject of the City of Elkhart's Second Motion to Dismiss.

When this Court issued its ruling on the original Motion to Dismiss, on September 5, 2008 [Document 42], it had the benefit of certain concessions by each side, so that its ultimate ruling was that some federal claims were time-barred and some were not, and that with respect to the state law claims 1) the claims for false arrest, false imprisonment and intentional infliction of emotional distress (IIED) were time-barred, whereas 2) the claim for malicious prosecution was barred by the Indiana Tort Claims Act. This Court did not rule for or against either side as to whether the ITCA also barred the IIED claim, for the very good reason that the defendant had not raised the issue.

The defendants did not appeal, the plaintiffs appealed only the rulings with respect to the state law Statute of Limitations, and the Seventh Circuit reversed, but only with respect to the IIED claim. At the moment that the Seventh Circuit's Mandate issued, therefore, the plaintiffs' claim with respect to IIED was restored to the trial calendar, having survived a challenge to its timeliness, and not having been challenged on any other ground.

---

with the defendants' Motion for Summary Judgment in that case. That out is not available to the City of Elkhart here, however, because it has already moved for Summary Judgment and *again* eschewed any argument based upon Indiana Tort Claims Act Immunity for intentional infliction of emotional distress; see Motion for Summary Judgment [Document 57] and Memorandum in Support of Motion

3

Under these circumstances, it should be clear that the City of Elkhart's ITCA immunity defense with respect to the IIED claim has been waived. It is true, of course, that Rule 12 contains its own internal waiver provision– Rule 12(h)– that preserves a 12(b)(6) motion where some other 12(b) motions would have been waived if omitted from a previous motion, but that provision is of no help to the City in the instant case. It is one thing to say that a *first* Rule 12(b)(6) defense may be raised later than a first Rule 12(b)(2) motion; it is quite another to say– as the City of Elkhart is attempting to– that a party may file a Motion to Dismiss the plaintiffs' claims for malicious prosecution on immunity grounds, and then, well over two years later, file a *second* Motion to Dismiss the plaintiffs' IIED claims, also on immunity grounds.

The claim of immunity with respect to the IIED claim could have been included in the first motion, along with the claim of immunity with respect to the malicious prosecution claim, but it was not. Raise it in 2008 or waive it in 2010.

The City of Elkhart's attempt to take a second bite out of that particular apple, by selecting another of its original Affirmative Defenses for inclusion in a second Motion to Dismiss, on the eve of trial, no less, should be summarily rebuffed.[3]

---

for Summary Judgment [Document 58].

[3] It would be different, of course, if the City had raised the defense of Indiana Tort Claims Act immunity with respect to the IIED claim as well as with respect to the malicious prosecution claim, and this Court failed to rule separately on that defense because of its broader Statute of Limitations ruling. In that event, when the Seventh Circuit reversed as to the Statute of Limitations, the remaining immunity defense would be revived and properly before this Court. But that is not what happened. The immunity defense with respect to the plaintiffs' IIED claim was *never* raised by motion, and the City of Elkhart is not seeking to revive it, but to assert it for the first time.

**II.    Even if the City Had Not Waived its ITCA Claims, its First Argument Should Be Rejected On The Merits; The Plaintiffs' Notice of Claim Was Timely Filed.**

If this Court were to consider to merits of the City of Elkhart's Second Motion to Dismiss, it should find the argument that the ITCA Notice of Claim was not filed within the requisite 180 days to be frivolous.

In its Memorandum [Document 108] at 3-4, the City first correctly noted that the Seventh Circuit recently held in this very case— expressly rejecting the City's argument to the contrary, it should be added— that the accrual date of Christopher Parish's state law claims was when "his conviction was disposed of in a manner favorable to him." But the City then asserted in its Memorandum, without explanation, that that date was the date of the Indiana Court of Appeals decision that "overturned his conviction," namely December 6, 2005.

But that is not the correct date. The Indiana Court of Appeals merely granted Parish a new trial, and did not release him from continuing restraint. Indeed, Parish remained in prison for another six months, until he was released on bond, and did not receive a "favorable disposition" for *another* six months, in December 2006, when the charges against him were dismissed by the prosecution.[4]

Thus, the time between Parish's loss and the date that he filed his Notice of Claim on May 17, 2007 was not 527 days, or any other number of days greater than 180; it was actually 167 days. The City of Elkhart's argument is thus a nonstarter.

---

4    See Complaint [Document 1], ¶ 22. On Motion to Dismiss, these recitations of facts must be accepted as true. The actual date was December 1, 2006, as noted in the Notice of Claim itself [Document 108-1].

### III.   In a Recent Case not Cited by the City of Elkhart, the Indiana Supreme Court has Undercut All of the Cases it Relied Upon with Respect to its Defense of Tort Claims Act Immunity.

Even if there were reasons for this Court to reach the merits of the City of Elkhart's belated Indiana Tort Claims Act immunity defense, the City has failed to acknowledge that the landscape has been dramatically reshaped by the Indiana Supreme Court's June 28, 2010 decision in *Wilson v. Isaacs*, 929 N.E.2d 200 (Ind. 2010). Although this opinion has been on the books just shy of 90 days, Elkhart did not bring it to the attention of this Court in its Memorandum in support of the instant motion [Document 108].

Before *Wilson*, arguments about the scope of the "law enforcement immunity" under the Indiana Tort Claims Act, IC §34-13-3-3(8), followed a two-tiered analysis, depending on the facts of the case at hand. First, in cases presenting no claims or facts involving false arrest or false imprisonment, the issue was simply whether the immunity applied, *vel non*. As the City of Elkhart correctly observed in its Memorandum [Document 108] at page 6, the courts generally agreed that the immunity would attach so long as the individual law enforcement official was "enforcing the law," and was "acting within the scope of his employment." And the City also correctly noted that an officer may be acting within the scope of his employment, even if he is acting egregiously, intentionally, and contrary to law; *City of Anderson v. Davis*, 743 N.E.2d 359, 365 (Ind. Ct. App. 2001).

But the immunity disappears if "the act of enforcement constitutes false arrest or false imprisonment."[5] Thus, in cases where there *is* an allegation of false arrest or false imprisonment (as in

---

5   At the time of the *Davis* decision, the comparable language was "unless the enforcement constitutes false arrest or false imprisonment." The Legislature later added the words "*the act* of enforcement," but the cases do not seem to have discussed the possible significance of this revision.

*Kocon v. Lake County Sheriff's Dept.*, supra, and in this case), the second-tier question of the scope of the exception is presented. Everyone agrees that if the claim is for false arrest or false imprisonment specifically, then the exception must apply and the immunity must not. But in *Kocon* and in this case and in several others, the more subtle question presented is whether or not the immunity is removed for *all* torts arising out of the same incident. If so, a plaintiff might be able to make out a claim for excessive use of force or intentional infliction of emotional distress, for example, even if he chose not to make a claim for false arrest or false imprisonment, or was unable to because of a time bar.

The weight of authority, especially in this Court, is that such "add-on" torts are encompassed by the law enforcement immunity of the ITCA, but some of the cases rely too readily on *City of Anderson v. Davis*, supra, in which there was a claim for excessive use of force, *but no claim for false arrest or false imprisonment.* Thus, if this Court were to reach the merits of the City's tardy claim of immunity, further argumentation and fine parsing would be required.

But *Wilson v. Isaacs* changed all of that. In *Wilson,* the Indiana Supreme Court disapproved of *Davis,* and found that in some cases the law enforcement immunity does not apply *even absent a claim of false arrest or false imprisonment.* In particular, a claim of use of excessive force while engaged in law enforcement activity is not immunized. Similarly, an earlier unanimous opinion, *Patrick v. Miresso,* 848 N.E.2d 1083 (Ind. 2006), had held that negligent operation of a motor vehicle while engaged in law enforcement (such as chasing a fleeing suspect) was not immunized.

In the instant case, the plaintiffs would want to ask the question: if a suit for use of excessive force will lie, even absent a claim of false arrest, why would not a suit for IIED lie? Because this case is *Erie*-driven as to the ITCA claims, all of this Court's prior opinions on the subject would have to be rethought.

7

## IV.     Conclusion.

The City of Elkhart's Motion to Dismiss is not a renewed motion, but a new motion based on grounds that were omitted from its first motion. The law does not countenance such piecemeal litigation, and this Court should deny the motion at the threshold.

For the reasons stated above, if the Court did choose to consider the motion on its merits, the motion should likewise be denied. A Notice of Claim under the ITCA is indeed required to be filed within 180 days of the loss, but the defendant started counting from a day that is inconsistent with the Seventh Circuit ruling— which constitutes the law of the case. With respect to a possible immunity defense under the ITCA, the City has presented no plausible arguments for dismissal on the face of the Complaint, because *all* of the cases upon which it relies have been undercut by the Indiana Supreme Court's decision in *Wilson v. Isaacs*, 929 N.E.2d 200 (Ind. 2010).

Finally, Defendants' request for sanctions is itself frivolous and vexatious. Perhaps a party seeking the extraordinary remedy of litigation sanctions should first take better care to ensure that it is not pursuing arguments that it has already waived by its own actions, and that its arguments are consistent with the record and the law of the case, to say nothing of recent controlling authority.

In any event, the motion should be denied.


Respectfully submitted,

/s___William Hodes_____
W. William Hodes, Esq.
The William Hodes Professional Corporation
8125 Raven Rock Drive
Indianapolis, IN    46256
317-590-1692

/s _____Jon Loevy_____
Jon Loevy, Esq.
Gayle Horn, Esq.
Loevy & Loevy
312 North May Street
Chicago, IL 60607
312-243-5900

Attorneys for Plaintiffs

## Certificate of Service

I certify that a copy of the foregoing Response to Motion to Dismiss has been filed electronically, and that service upon all counsel of record has been effected by operation of the Court's ECF system, this __30th__ day of ___September___, 2010.

/s __William Hodes_____
W. William Hodes