UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PARISH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO: 3:07-CV-452-RL |
| | ) | |
| CITY OF ELKHART, INDIANA, | ) | Judge Lozano |
| STEVE REZUTKO, STEVE AMBROSE and | ) | |
| TOM CUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED PRETRIAL ORDER

Pursuant to the order of the Court, the attorneys for the parties to this action will appear before the United States District Judge Rudy Lozano at Hammond, Indiana, on October 8, 2010 at 12:30 p.m. for a conference under Rule 16 of the Federal Rules of Civil Procedure.

Per this Court's order, the parties have met in-person and exchanged emails in an effort to timely prepare this Pre-Trial Order. However, the parties continue to disagree as to the number of Plaintiffs in this case and to the claims remaining. Mr. Parish maintains that there are multiple plaintiffs and that each plaintiff asserts both federal and state law claims. The defendants maintain that Mr. Parish is the sole remaining plaintiff and that there are no remaining state law claims. Therefore, this Pre-Trial Order is submitted with this disagreement in mind.

Plaintiffs are represented by counsel Jon Loevy and Heather O'Donnell of Loevy & Loevy, as well as William Hodes. Defendant City of Elkhart, is represented by counsel Martin W. Kus, Matthew J. Hagenow, Michelle L. Shirk and Nicholas T. Otis of Newby, Lewis, Kaminski & Jones, LLP. Defendants Steven Rezutko, Steven Ambrose, and Tom Cutler are represented by Lynn Kalamaros and Andrew Williams of Hunt Suedhoff Kalamaros LLP.

Thereupon, the following proceedings were had and the following engagements and undertakings arrived at:

A.  Jurisdiction

Jurisdiction as to Plaintiff Parish's 42 U.S.C. §1983 claim was conceded by counsel and found by the Court to be present.  Defendants dispute that there is jurisdiction over federal claims brought by the remaining Plaintiffs.  Plaintiffs maintain that there is jurisdiction over the state law claims, while Defendants deny this Court has jurisdiction over Plaintiff's Indiana law claim for intentional infliction of emotional distress for the reasons set forth in their currently pending Motions to Dismiss, to which Plaintiffs have responded.  Defendants further deny that the remaining Plaintiffs have state law claims.

B.  Claims at Issue

The case is at issue on the complaint and the answer.  Plaintiffs claim that Defendants Steven Rezutko, Steven Ambrose, Tom Cutler, and the City of Elkhart violated their federal constitutional rights.  These claims are brought pursuant to 42 U.S.C. §1983.  Plaintiffs also allege that Defendant City of Elkhart is responsible for the actions of its employees in intentionally or recklessly causing the Plaintiffs severe emotional distress.  These claims are brought under Indiana law.  The Defendants deny all of Plaintiffs' claims and deny that there are any remaining claims by anyone other than Mr. Parish.

C.  Pending Motions

The Defendants have currently pending Motions to Dismiss as to Plaintiff Parish's Indiana law claims for intentional inflection of emotional distress.  This Court's order on such motions will determine whether these claims remain at issue as to all plaintiffs.  Plaintiff Parish's 42 U.S.C. §1983 claim is not affected by the outcome of these motions.

### D.  Plaintiffs' Contentions

Plaintiffs contend that the Defendants violated Mr. Parish's constitutional right to a fair trial by manipulating the evidence to suggest falsely that he was guilty of a crime he did not commit.  Defendants also allegedly withheld and caused to be withheld a substantial amount of *Brady* material and caused Mr. Parish to be falsely identified pursuant to unduly suggestive identification procedures. All of the Plaintiffs suffered injuries as a result, including loss of affection and consortium.

Plaintiffs further allege that Defendant City is liable because the foregoing occurred as a result of the City's policies and practices, including the institutional practice of failing to document exculpatory materials and in conducting flawed and unduly suggestive identification procedures, as well as the lack of adequate training on the foregoing issues, and the deliberate indifference of municipal policy makers to the Plaintiffs' constitutional rights and to these types of violations on an institutional basis.  Plaintiffs also allege that that the City is liable under the state law theories set forth in the complaint, including damages for loss of affection and consortium.

As a result of all of the foregoing, Plaintiffs allege that they suffered substantial damages associated with Mr. Parish's wrongful conviction and its aftermath.

### E.  Defendants Steven Rezutko, Steven Ambrose, and Tom Cutler's Contentions

The Defendant Officers deny all of the plaintiff's claims against them and contend that they did not, either jointly or individually, violate any of Christopher Parish's rights, Constitutional or otherwise.   The Defendant Officers contend that the investigation of the robbery and shooting of Michael Kershner, which resulted in the Mr. Parish's conviction and incarceration, was conducted in an appropriate manner and afforded Mr. Parish Constitutionally

sufficient due process of law. The Defendant Officers, neither individually nor in concert, used any improper or suggestive interview or photo identification techniques. Mr. Parish was positively identified as a perpetrator in the robbery and shooting of Michael Kershner by the witnesses to the crime. The identification of Mr. Parish by the witnesses was made without any suggestions or coercion by any of the Defendant Officers. No evidence in the case was destroyed, and all evidence was turned over to the Elkhart County Prosecuting attorney.

Following a review of the evidence collected, the Elkhart County Prosecuting Attorney made the independent decision to charge and prosecute Mr. Parish. Following the presentation of evidence by the prosecutor and counsel for Mr. Parish, the jurors unanimously determined that Mr. Parish was guilty of the crimes alleged. Mr. Parish's conviction was overturned by the Indiana Court of Appeals on the basis of the ineffective assistance of Mr. Parish's criminal defense counsel.

The Defendant Officers further contend that they are entitled to qualified immunity. No act or omission by any of the Defendant Officers rose to the level of a violation of the Mr. Parish's Constitutional rights.

Finally, the Defendant Officers contend that Mr. Parish is not entitled to any damages, compensatory, punitive or nominal.

F. Defendant City of Elkhart's Contentions

Defendant City of Elkhart denies all of Parish's claims. The City of Elkhart contends that Parish was not deprived of the right to a fair criminal trial and that his conviction was not wrongful. Parish was identified before and at trial by multiple eyewitnesses, most of whom testified against him at trial. He had a fair opportunity to cross-examine these witnesses and to present witnesses of his own as part of his defense case.

Defendant City of Elkhart further contends that the investigation that led to Parish's arrest was proper, that no exculpatory evidence was withheld, and that the line-ups used in by the witnesses were not unduly suggestive. The City also denies that it had any policy or custom of allowing officers to destroy exculpatory evidence, engaging in suggestive photo arrays, or of displaying "deliberate indifference" to constitutional violations by failing to train its police officers.

The City of Elkhart further contends that any deficiencies at Parish's trial were the result of his receiving ineffective assistance of counsel, as determined by the Indiana Court of Appeals in its decision to reverse his conviction in 2005. After the conviction was reversed, the State of Indiana, through its prosecuting attorney, decided to not retry Parish.

Finally, The City of Elkhart also denies that it caused an intentional infliction of emotional distress with respect to Parish or any other person.

The City of Elkhart contends that Parish should recover no award of money damages whatsoever for his claims.

G. Agreed Facts

The following facts are established by admissions in the pleadings or by stipulation of counsel:

1.   Christopher Parish was arrested on October 31, 1996.

2.   On June 26, 1998, after a jury trial, Mr. Parish was convicted of charges of Attempted Murder, a Class A felony, and Robbery Resulting in Serious Bodily Injury, a Class A Felony.

3.   On December 6, 2005, the Indiana Court of Appeals vacated Mr. Parish's conviction and remanded his case for a new trial.

4.    Following remand, the State of Indiana did not re-try Mr. Parish, and the charges against him were eventually dismissed.

5.   The Defendant officers were acting within the course and scope of their employment at all times related to the events in question.

H.  Contested Issues of Fact

The contested issues of fact are the circumstances of the shooting and the police investigation that led to the criminal charges and conviction of Christopher Parish, and whether the alleged violations of Plaintiffs' rights were caused by the Defendants and/or the City's policies and practices; and the extent of damages that the plaintiffs are entitled to recover, if any. As stated, the Defendants also contest that the Plaintiffs other than Mr. Parish have any claims at all.

I.  Contested Issues of Law

Whether, based upon the facts, the defendants violated the plaintiffs' constitutional rights and rights under state law; whether plaintiffs other than Chris Parish have surviving claims; and whether the individual officers are entitled to qualified immunity.

J.  Trial Exhibits

1.  Plaintiffs' Exhibits

1.      Photos of Chris Parish

2.      Defendants' responses to Plaintiffs' interrogatories.

3.      Defendants' response to Plaintiffs' requests to admit.

4.      Defendants' response to Plaintiffs' requests for production.

5.      Berrian County Sheriff's subpoenaed documents

6.      Retzuko report, 1/30/97

7.      Katowich report, 10/29/96

8.      Bourdon report,10/30/96 11/15/96

9.      Posthuma report

10.     Lab report to Bourdon - 2002

11.     Tech report (DeJong) for Kershner shooting

12.     Lab report to Bourdon re: J-hat (2004)

13.     DeJong police report

14.     Eddie Love statement

15.     composite sketches

16.     police media fax for information

17.     Lab report to Bourdon, 76/17/97

18.     waivers of search/seizure

19.     lab request for hair DNA

20.     Photo spreads

21.     Witness statements

22.     Eddie Love statement 1/8/97

23.     Stellana Neal statement

24.     Johlanis Ervin statement and associated documents

25.     Eddie Love statement, 1/29/04

26.     Bryant Wheeler statement

27.     statement (sworn) of Kershner

28.     statement (sworn) of Dolph

29.     statement (sworn) of Ackley

30.     statement (sworn) of Canell

31.     statement (sworn) of Smallwood

32.     statement of Debery Coleman

33.     Debery Coleman police report

34.     Eddie Love failure to appear documents

35.     Michael Ervin photo

36.     Johalinis Ervin photo

37.     Photo of Parish from in 1991

38.     Notice of alibi

39.     Department of motor vehicles records re: car

40.     Blake McKinney statement

41.     Criminal court orders

42      State's motion to dismiss charges against Parish

43.     Order of dismissal of charges against Parish

44.     juror notes & response

45.     Criminal history for Keith Cooper

46.     Order on Cooper's post-conviction relief

47.     Stipulation re: DNA from Cooper case

48.     Ambrose's Chancie Stewart memo from Cooper file

49.     Crime Scene photos from the apartment

50.     DeJong photos from the hospital

51.     Bourdon photos of the car

52.     Bourdon photos of the apartment

53.     Retzuko' (excerpts) employment file

54.     Ambrose's (excerpts) employment file

55.     Cutler's (excerpts) employment file

56.     Bourdon's request for evidence form

57.     Criminal histories for Eddie Love, Michael Kershner and Jason Ackley

58.     Gun receipt documents

59.     Elkhart PD document manual

60.     Parish letters

61.     Bullet fragments from scene

62.     J-Hat

63.     Parish arrest report

64.     Cooper identification documents

65.     Information(s) charging Murder

66.     Photo lineups (signed)

67.     Photo lineups (unsigned)

68.     Each of the non-objected to Exhibits listed by the defendant City of Elkhart, including any for which Plaintiffs' objections are overruled

69.     Each of the non-objected to Exhibits listed by the individual defendants, including any for which Plaintiffs' objections are overruled

## Marked For Identification Only

70.     Elkhart's Investigation file for the Kershner shooting.

71.     Transcripts from Parish criminal trial

72.     Transcripts from Parish post-conviction

73.     Exhibits from Parish criminal trial

74.    Andrew Scott's Rule 26 report

75.    Andrew Scott's c.v.

76.    Elkhart duty rosters

77.    Petition for post-conviction relief (and exhibits)

78.    Record of Proceedings, Parish criminal proceedings

79.    Cooper letter to Towns

80.    Prugh report

2.  Defendants Steven Rezutko, Steven Ambrose, and Tom Cutler's Exhibits

1.    Elkhart Police Department Criminal Investigation Report & Supplementary
      Report on Offense, October 29, 1996, Case No. 96-303-0189, prepared by Officer
      Todd Katowich.

2.    Elkhart Police Department Supplementary Report on Offense, January 30, 1997,
      Case No. 96-303-0189, prepared by Det. Steve Rezutko.

3.    Elkhart Police Department Supplementary Report on Offense/Technician Report,
      November 15, 1996, Case No. 96-303-0189, prepared by Det. Tech. Joel
      Bourdon.

4.    Elkhart Police Department Supplementary Report on Offense, October 30, 1996,
      Case No. 96-303-0189, prepared by Det. Michael Posthuma.

5.    Elkhart Police Department Tech Report, October 29, 1996, Case No. 96-303-
      0189, prepared by Officer Mark DeJong.

6.    Composite Drawing from Elkhart Police Department Case No. 96-303-0189,
      dated November 15, 1996.

7.    Composite Drawing from Elkhart Police Department Case No. 96-303-0189,
      labeled Confidential Information.

8.    October 30, 1996 News Media Release from the Elkhart Police Department.

9.    Christopher Parish photo # 902831, Elkhart Police Department dated 09-09-91.

10.   Christopher Parish photo # 902831, Elkhart Police Department, dated 11-17-93.

11.   Christopher Parish photo # 902831, Elkhart Police Department dated 04-07-94.

12.  October 29, 1996 Written Statement of Eddie L. Love from Elkhart Police
     Department Case No. 96-303-0189.

13.  November 4, 1996 Photo Lineup and statement signed by Eddie Love from
     Elkhart Police Department Case No. 96-303-0189.

14.  January 8, 1997 Written Statement of Eddie L. Love from Elkhart Police
     Department Case No. 96-303-0189.

15.  October 29, 1996 Written Statement of Jennifer A. Dolph from Elkhart Police
     Department Case No. 96-303-0189.

16.  October 30, 1996 Written Statement of Jennifer Dolph from Elkhart Police
     Department Case No. 96-303-0189.

17.  October 30, 1996, Photo Identification initialed by Jennifer Dolph from Elkhart
     Police Department Case No. 96-303-0189.

18.  November 12, 1996 Written Statement of Jermain E. Bradley from Elkhart Police
     Department Case No. 96-303-0189.

19.  October 29, 1996 Written Statement of Jason G. Ackley from Elkhart Police
     Department Case No. 96-303-0189.

20.  January 8, 1997 Statement of Michael Kershner, from Elkhart Police Department
     Case No. 96-303-0189.

21.  January 29, 1997 Written Statement of Michael Kershner from Elkhart Police
     Department Case No. 96-303-0189.

22.  October 30, 1996 Written Statement of Nona V. Canell from Elkhart Police
     Department Case No. 96-303-0189.

23.  October 30, 1996 Photo Identification initialed by Nona V. Canell from Elkhart
     Police Department Case No. 96-303-0189.

24.  Arrest records of Christopher Parish, October 31, 1996, including all reports,
     forms and booking photo.

25.  November 15, 1996 Compusketch interview questioning of Nona V. Canell from
     Elkhart Police Department Case No. 96-303-0189.

26.  January 8, 1997 Statement of Nona Canell, from Elkhart Police Department Case
     No. 96-303-0189.

27.     Elkhart Police Department Supplementary Report, October 30, 1996, prepared by Ptlm. Brian Prugh.

28.     January 29, 1997 Written Statement of Nona V. Canell from Elkhart Police Department Case No. 96-303-0189.

29.     February 10, 1997 Written Statement of Debery Coleman from Elkhart Police Department Case No. 96-303-0189.

30.     February 1, 1997 Letter from Keith Cooper to Captain Larry Towns from Elkhart Police Department Case No. 96-303-0189.

31.     Elkhart Police Department Supplementary Report, November 19, 1995, from Elkhart City Police Department Case No. 96-303-0189, prepared by Detective Steve Ambrose.

32.     The expert report of Deborah Bayer.

33.     Photo Pak #'s 36139 and 36140, from Elkhart Police Department Investigative File # 96-303-0189, dated 10-29-96.

34.     Photo Pak #'s 36686, 36687 and 36688, taken by Det. Tech Joel Bourdon in Elkhart Police Department investigative Case No. 96-303-0189.

35.     Bullet fragments recovered from the scene in Elkhart Police Department investigative Case No. 96-303-0189.

36.     Hat recovered from the scene in Elkhart Police Department investigative Case No. 96-303-0189.

37.     Trial exhibits of the Elkhart Circuit Court for State v. Parish.

38.     Information Charging Attempted Murder in State v. Christopher Parish, filed November 6, 1996.

39.     Information Charging Attempted Murder in State v. Christopher Parish and Keith Cooper, filed March 6, 1997.

40.     Elkhart Circuit Court order of June 23, 1998 regarding Eddie Love failure to appear.

41.     The records, including the pleadings, filings, orders, judgments, opinions, verdicts and transcripts of the Elkhart Circuit and Superior Courts and the Indiana Court of Appeals for all proceedings in State v. Parish.

42. The records, including the pleadings, filings, orders, judgments, opinions, verdicts, transcripts and exhibits of the Elkhart Circuit Court and the Indiana Court of Appeals for all proceedings in State v. Cooper.

43. Michael Kershner medical records from Elkhart General Hospital as contained in Elkhart Police Department Case No. 96-303-0189.

44. October 29, 1006 "Disposal of Bullet from Patient in Surgery": signed by Michael Posthuma.

45. Documents produced by Plaintiff in responses to Defendants' Requests for Production.

46. The plaintiff's answers to Interrogatories.

47. Any deposition needed for impeachment or rebuttal.

48. Documents produced in Plaintiff's Pretrial Disclosures.

49. Waiver of Search and Seizure dated January 31, 1997, signed by Keith Cooper from Elkhart City Police Department Case No. 96-303-0189.

50. Request for Laboratory Examination, from Elkhart City Police Department Case No. 96-303-0189 signed by Detective Joel Bourdon February 5, 1997.

51. Indiana State Police Certificate of Analysis dated June 17, 1997, Lab File # 97L-332, directed to Joel Bourdon.

52. Indiana State Police Certificate of Analysis dated June 20, 2002, Lab File # 97L-332, directed to Joel Bourdon.

53. Indiana State Police Certificate of Analysis dated March 8, 2004, Lab File # 97L-332 SUPPLEMENTAL, directed to Joel Bourdon.

54. Photo line-up signed by Michael Kershner January 29, 1997 from Elkhart Police Department Case No. 96-303-0189.

55. Photo line-up signed by Nona V. Canell January 29, 1997 from Elkhart Police Department Case No. 96-303-0189.

56. Photo line-up signed by Eddie Love January 10, 1997 from Elkhart Police Department Case No. 96-303-0189.

57. March 8, 1999 Christopher Parish letter to Steve Bower regarding appeal.

58. October 12, 1999 Christopher Parish letter regarding Petition to Transfer.

59.     Any exhibits listed by the Plaintiff or the Co-defendant.

60.     The records, including the pleadings, discovery, filings, orders and transcripts of the Lake County Court, Cause No. 45D11-0603-CT-00071, *Christopher Parish v. Mark Doty and Stephen Bower*.

61.     Christopher Parish juvenile records from the Elkhart Police Department.

62.     Elkhart Police Department Supplementary report dated June 24, 1998 by Det. Marvin Johnson, from Case No. 96-303-0189.


3.  Defendant City of Elkhart's Exhibits

1.      9/9/1991 Elkhart Police Department Photograph of Christopher Parish 902831 (1 page)

2.      11/17/1993 Elkhart Police Department Photograph of Christopher Parish 902831 (1 page)

3.      4/7/1993 Elkhart Police Department Photograph of Christopher Parish 902831 (1 page)

4.      10/29/1996 Elkhart Police Department Crime Investigation Report, Reporting Officer Ptlm. T. Katowich, 10/29/1996 (2 pages)

5.      10/29/1996 Elkhart Police Department Statement of Jason Ackley, 10/29/1996 witnessed by Steve Rezutko (2 pages)

6.      10/29/1996 Elkhart Police Department Statement of Jennifer Dolph 10/29/1996 witnessed by Detective Steve Ambrose (2 pages)

7.      10/29/1996Elkhart Police Department Statement of Eddie Love witnessed by Edward Windbigler (2 pages)

8.      10/29/1996  Elkhart City Police Department Tech. Report, Case No. 96-303-0189, Attempted Murder, Authored by Ptlm. Mark Dejong (2 pages)

9.      10/30/1996 Elkhart Police Department Fax Transmittal to News Media regarding the shooting of Kershner (1 page)

10.     10/30/1996 Elkhart Police Department Supplementary Report on offense of: Attempted Murder/Burglary Authored by Det. Michael Postuma 10/30/1996 (2 pages)

11.   10/30/1996 Elkhart Police Department Statement of Nona Canell, 10/30/1996 witnessed by Steve Rezutko (2 pages)

12.   10/30/1996 Nona Cannel I.D. of Christopher Parish (1 page)

13.   10/30/1996 Elkhart Police Department Statement of Jennifer Dolph 10/30/1996 witnessed by Steve Rezutko (1 page)

14.   10/30/1996 Three (3) Copies of Jennifer Dolph I.D. of Christopher Parish (3 pages)

15.   10/30/1996 Elkhart Police Department Supplementary Report on Offense of: Attempted Murder authored by Patrolman Brian Prugh (1 page)

16.   10/30/1996 Elkhart Police Department Legal Rights Advice Form signed by Chris Parish (1 page)

17.   10/31/1996 Elkhart Police Department Photograph of Christopher Parish (1 page)

18.   10/31/1996 Elkhart Police Department Arrest Cover Page (1 page)

19.   10/31/1996 Elkhart Police Department Arrest Report of Christopher Parish (1 page)

20.   10/31/1996 Elkhart Police Department Adult Social History of Christopher Parish (1 page)

21.   10/31/1996 Elkhart Police Department-Finger prints and hand prints of Christopher Parish (2 page)

22.   11/4/1996 Voluntary Statement given by Eddie Love witnessed by Steve Rezutko (1 page)

23.   11/4/1996 Photo Spread dated 11/4/1996 initialed by Eddie Love I.D. of Christopher Parish (1 page)

24.   11/6/1996 Information Charging Attempted Murder, A Class A Felony filed on November 6, 1996 signed by Larry Towns (1 page)

25.   3/6/1997  Amended Information Charging Two Counts, Count I, Attempted Murder, A Class A Felony, and Count II, Robbery Resulting in Serious Bodily Injury, A Class A Felony filed on March 6, 1997 by Stephen Rezutko (2 pages)

26.   11/6/1996 Entered Person (1 page)

27.   11/12/1996 Elkhart Police Department Statement of Jermaine Bradley, witnessed by Steve Rezutko (1 page)

28.   11/15/1996 Elkhart Police Department Supplementary Report on Offense of: Technician Report: (Attempted Murder & Burglary) Authored by Det. Tech. Joel Bourdon (2 pages)

29.   11/15/1996 Victim's Composite of Suspect 2, 11/15/1996 (1 page)

30.   Nona Canell's Composite of Suspect #2 (1 page)

31.   11/19/1996 Elkhart Police Department Supplementary Report on Offense of: Attempted Murder authored by Detective Steve Ambrose regarding phone call from Chancie Stewart (1 page)

32.   1/8/1997 Statement of Eddie Love witnessed by Steve Rezutko (1 page)

33.   1/10/1997 Photo Spread dated 1/10/1997 initialed by Eddie Love I.D. of Keith Cooper (1 page)

34.   1/29/1997 Elkhart Police Department Statement of Nona Canell, 1/29/1997 witnessed by Steve Rezutko (1 page)

35.   1/29/1997 Nona Canell I.D. of Keith Cooper (1 page)

36.   1/29/1997 Elkhart Police Department Statement of Michael Kershner witnessed by Steve Rezutko (1 page)

37.   1/29/1997 Michael Kershner I.D. of Cooper dated 1/29/1997 (1 pages)

38.   1/30/1997 Elkhart Police Department Supplementary Report on Offense of: Attempted Murder/Robbery, Authored by Det. Steve Rezutko (4 pages)

39.   2/10/1997 Elkhart Police Department Statement of Debery Lee Coleman 2/10/1997 witnessed by Det. Edward Windbigler (2 pages)

40.   6/22/1998 Jury Trial Transcript of State of Indiana v. Christopher Parish

41.   6/22/1998 Exhibits offered into evidence during the State of Indiana v. Christopher Parish Jury Trial (17 pages)

42.   6/23/1998 Order-Eddie Love failed to appear for trial (1 page)

43.   6/23/1998 Attachment-Body Attachment for Eddie Love (1 pages)

44. 6/24/1998 Elkhart Police Department Supplementary Report on Offense of: Information by Detective Marvin Johnson (1 page)

45. 6/24/1998 Elkhart Police Department Statement of Jermaine Bradley, witnessed by Detective Faigh (1 page)

46. 6/26/1998 Verdict of Christopher Parish

47. 6/26/1998 Judgment of Conviction

48. 7/23/1998 Sentencing Hearing Transcript of State of Indiana v. Christopher Parish

49. 12/6/2005 Appellate Opinion in favor of Christopher Parish

50. State of Indiana v. Keith Cooper Trial Pleadings

51. 9/8/1997 Trial Transcript of State of Indiana v. Keith Cooper

52. 9/8/1997 Exhibits offered into evidence during the State v. Indiana v. Keith Cooper Trial

53. Criminal File of Eddie Love

54. Certified Weather Data, October 1996

55. 10/30/1996 Elkhart Truth Article dated 10/30/1996

56. Select medical records of Michael Kershner provided by the Elkhart Police Department (30 pages)

57. Employment File of Larry Towns

58. Christopher Parish Juvenile Records

59. Photographs of Crime Scene and Victim

60. Bullet fragments retrieved during the course of police investigation

61. Any exhibits identified by any other party

62. Impeachment exhibits as may be necessary but cannot reasonably be anticipated

5. Except as otherwise indicated, the authenticity of received exhibits has been stipulated, but they have been received subject to objections, if any, by the opposing party at trial as to their relevance and materiality. If other exhibits are to be offered, they may be done so only with leave of court.

Documentary or physical evidence must be marked numerically or alphabetically in advance of trial. All counsel shall confer in person and initial all exhibits of documentary or physical proof to be offered in evidence by the other parties to which there are no objections and which may be admitted without formal proof.

In the event there are objections, objecting counsel must state the objection and counsel offering the exhibit must state the reason for its admission, and each must provide the Court with the appropriate legal memoranda, citing points and authorities as to why the exhibit should or should not be admitted, at least five (5) days prior to trial. Failure to make the appropriate objections as indicated above will be deemed a waiver of the right to object at the time of trial, unless good cause is shown.

A bench book of exhibits should be prepared and delivered to the Court at the start of trial. If counsel desires to display exhibits to the members of the jury, then sufficient copies of such exhibits should be made available or enlarged photographic copies should be utilized.

K.  Witnesses

1.  Defendants Steven Rezutko, Steven Ambrose, and Tom Cutler's Witnesses

1.      Defendant Steve Rezutko

2.      Defendant Steve Ambrose

3.      Defendant Tom Cutler

4.   Plaintiff Christopher Parish

5.   Michael Christofeno
     115 W. Lexington
     Elkhart, IN
     (574) 295-6210

6.   Officer Todd Katowich
     Las Vegas Police Department
     4750 W. Oakey Blvd.
     Las Vegas, NV 89102
     (702) 828-2962

7.   Officer Edward Windbigler
     Elkhart Police Department

8.   Officer Mark DeJong
     Elkhart Police Department

9.   Officer Joel Bourdon
     Elkhart Police Department

10.  Officer Michael J. Posthuma
     Elkhart Police Department

11.  Deborah A. Bayer
     10119 Duffield Rd.
     Gaines, MI 48436

12.  Officer Brian Prugh
     Elkhart Police Department

13.  Christine Wrage
     120 W. Lexington Avenue # 323
     Elkhart, IN 46516-3117
     (574) 584-7169

14.  Nona V. Canell

15.  Christina Smallwood

16.  Michael Kershner

17.  Letisha Gary

18. Mark Doty
    409 W. Lexington
    Elkhart, IN 46516
    (574) 522-2119

19. Sherri Williams
    729 Monroe, Apt. D
    Elkhart, IN

20. Darrel Hicks
    731 W. Cleveland
    Elkhart, IN

21. O'Neal Clemmons
    731 W. Cleveland
    Elkhart, IN

22. Maurice Woods
    315 W. Wolf
    Elkhart, IN

23. Debery Lee Coleman
    3701 Dalhlia
    East Chicago, IN

24. Lisa Black
    Indiana State Police Crime Lab

25. Dennis Bechtel

26. Officer Marvin Johnson
    Elkhart City Police Department

27. Keith D. Cooper (a/k/a Keith D. Morehead)

28. Eddie Love

29. Jennifer Dolph

30. Jason Ackley

31. Jermaine E. Bradley

32. Vicki Becker
    Elkhart City Prosecutors Office

33.    Brent Long
        Elkhart Police Department

## 2. Defendant City of Elkhart's Witnesses

1.  Christopher Parish

2.  Steve Ambrose
    53768 Pheasant Ridge
    Bristol, IN 46507
    Contract through counsel

3.  Steve Rezutko
    26805 Sturdy Oak Drive
    Elkhart, IN 46514
    Contact through counsel

4.  Tom Cutler
    22798 Selby Drive
    Elkhart, IN 46514
    Contact through counsel

5.  Joel Bourdon
    Elkhart Police Department
    175 Waterfall Drive
    Elkhart, IN 46516
    (574) 295-7070
    Contact through counsel

6.  Edward Windbigler
    Elkhart Police Department
    175 Westfall Drive
    Elkhart, IN 46516
    (574) 295-7070
    Contact through counsel

7.  Michael Cristofeno
    115 W. Lexington
    Elkhart, IN 46516
    (574) 295-6210

8.  Michael Kershner
    690 Dowis Chapel Rd.
    Woodbine, KY 40771
    (606) 528-8910

9.  Nona Canell
    690 Dowis Chapel Rd.
    Woodbine, KY 40771
    (606) 528-8910

10. Jennifer Dolph
    Denton, TX
    Telephone number unknown

11. Eddie Love
    301 West Wolf
    Elkhart, IN 46516
    *OR* Westville Correctional Facility
    PO Box 473
    Westville, IN 46391

12. Jermaine Bradley
    Address unknown
    Telephone number unknown

13. Christine Wrage
    115 W. Lexington
    Elkhart, IN
    (574) 295-6210

14. Vicky Becker
    Office of the Prosecuting Attorney of Elkhart County
    301 S. Main St., Ste. 100
    (574) 296-1888

15. Deborah Bayer
    10119 Duffield Rd.
    Gaines, MI 48436
    (989) 271-9591
    Contact through counsel

16. Chris Smallwood
    2411 Highway 26
    Woodbine, KY 40701
    Telephone number unknown

17. Mark DeJong
    Elkhart Police Department
    175 Waterfall Drive
    Elkhart, IN 46516
    (574) 295-7070  Contact through counsel

18. Brent Long
    Elkhart Police Department
    175 Waterfall Drive
    Elkhart, IN 46516
    (574) 295-7070
    Contact through counsel

19. Dale Pfibsen
    Elkhart Police Department
    175 Waterfall Drive
    Elkhart, IN 46516
    (574) 295-7070
    Contact through counsel

20. Michel Posthuma
    Elkhart Police Department
    175 Waterfall Drive
    Elkhart, IN 46516
    (574) 295-7070
    Contact through counsel

21. Brian Prugh
    Elkhart Police Department
    175 Waterfall Drive
    Elkhart, IN 46516
    Contact through counsel

22. William Wargo
    Elkhart Police Department
    175 Waterfall Drive
    Elkhart, IN 46516
    (574) 295-7070
    Contact through counsel

23. Dennis Bechtel
    1103 Strong Avenue
    Elkhart, IN 46514

24. Todd Katowich
    6501 Vegas Drive
    Apt. 2138, Bldg. 43
    Las Vegas, NV 89108
    Telephone number unknown

25. Paul Converse
    146 Meadowlark Avenue
    Bremen, IN 46506
    Telephone number unknown

26. Larry Towns
    8530 North 22nd Avenue, #2012
    Phoenix, AZ 85021

27. Lisa Black
    Indiana State Police
    State Police Laboratory
    1550 East 181st Avenue
    Lowell, IN 46356
    (219) 696-6242

28. Mark Doty
    409 W. Lexington Avenue
    Elkhart, IN 46516-2816
    (574) 522-2119

29. Jason Ackley
    Address unknown
    Telephone number unknown

30. Sherri Williams
    729 Monroe, Apt. D
    Elkhart, IN
    Telephone number unknown

31. Darrel Hicks
    731 W. Cleveland
    Elkhart, IN
    Telephone number unknown

32. Clemmons O'Neal
    731 W. Cleveland
    Elkhart, IN
    Telephone number unknown

33. Maurice Woods
    315 W. Wolf
    Elkhart, IN
    Telephone number unknown

34. Elkhart Street and Sanitation Department
    2421 S. 17th Street
    Elkhart, IN 46516
    (574) 293-5581

35. Other officers of the City of Elkhart Police Department

36. Any witness listed by Plaintiff of Co-Defendants

37. Impeachment witnesses as may be necessary but cannot reasonably be anticipated


3.  Plaintiffs' Witnesses

Plaintiffs adopt and incorporate the witness lists of the Defendants as if restated fully herein to the extent Plaintiffs' objections, if any, to said witnesses are overruled by the Court. Plaintiffs add the following additional witnesses:

1.    Kylup, Khadijah, Christopher, Jr., and Samantha Parish (Parish's children and sister, all contacted through Plaintiffs' counsel)

2.    Keith Yoder
      717 McDonald
      Elkhart, IN

3.    Chuck Stover
      708 East Indiana
      Elkhart, IN

4.    Marlene & Arlene Scott
      310 Oliver Street
      Waterloo, IA

5.    Wallace Scott
      Iowa Medical & Classification Center
      Box A, Highway 965
      Oakdale, IA

6.    Yolanda Scott
      Reed Street
      Waterloo, IA

7.    Tonyalita White & Floyd Edwards
      First Street
      Waterloo, IA

8.    Samuel Alexander
      7834 Trumbul
      Chicago, IL

9.    Tasha Fortute
      Chicago, IL

10.   Jolanis Ervin
      Richard Handlon Correctional Center

11.   Micheal Ervin
      Berrian County Correctional

12.   Gloria Parish
      (Parish' mother, contacted through Plaintiffs)

13.   Lucy & Joe Gary
      Winding Water Lanes,
      Elkhart, IN

14.   Myron Donaldson
      Winding Water Lanes
      Elkhart, IN

15..  Stellana Neal   10000 Mishawaka Road
      Elkhart, IN

16.   Brian Wheeler
      Indiana Correctional System

17.   Andrew Scott
      750 Elm Tree Lane
      Boca Raton, FL 33486

18.   Jonathan Brown
      56564 Woodbine Lane
      Elkhart, IN

19.   Jackie Malone & Jackie Malone (mother and daughter)
      (believed to be incarcerated)
      2301 Lexington
      Elkhart, IN 46514

20.    Cora Brown
       56564 Woodbine Lane
       Elkhart, IN

21.    Record Keepers (if necessary): Elkhart Police Department, Indiana Department of
       Motor Vehicles, Michigan State Police, Berrian County Sheriff's Department.

4.     In the event that there are other witnesses to be called at the trial, their names, addresses, and general subject matter of testimony will be reported to opposing counsel, with copy to the court, at least ten (10) days prior to the trial.  Such witnesses may be called at trial only upon leave of the Court.  This restriction shall not apply to rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

L.  Jury Instructions

The parties shall meet and prepare one complete set of jury instructions upon which they all agree.  With respect to those proposed jury instructions upon which agreement cannot be reached, each party is permitted to file separately his or her additional proposed jury instructions. Each party will also be required to submit a statement of reasons why agreement could not be reached as to individual instructions tendered by the opposing party.

Requests for jury instructions must be filed with the court and sent by email to Lozano_chambers@innd.uscourts.gov, no later than five (5) days before trial, subject to the right of counsel to supplement such requests during the course of the trial on matters that cannot reasonably be anticipated.

Plaintiffs' counsel shall file the instructions upon which the parties agree. Each party is responsible for filing its additional proposed instructions.

### M.  Amendments to the Pleadings

No amendments to the pleadings are anticipated, except as ordered by this Court pursuant to its decision on Defendants' currently pending Motions to Dismiss.

### N.  Trial Briefs

Trial briefs, if desired, shall be filed with the Court and exchanged among counsel at least ten (10) days before trial and should address the contested issues of law addressed in Section I of this Pre-Trial Order.

### O.  Motions in Limine

Motions in limine, with appropriate memorandum in support of same, should be filed no later than five (5) days before trial.

### P.  Voir Dire

The parties shall meet and prepare one (1) complete set of proposed voir dire questions upon which they all agree.  With respect to those proposed voir dire questions upon which agreement cannot be reached, each party is permitted to file separately his or her additional proposed voir dire questions.

All voir dire questions shall be filed with the Court no later than five (5) days prior to the trial.

### Q.  Conference

This proposed final pre-trial order has been formulated after conference at which counsel for the respective parties have participated.  Reasonable opportunity has been afforded counsel for corrections or additions prior to signing by the Court. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court or by

order of the Court to prevent manifest injustice. The pleadings will be deemed incorporated and merged herein.

### R.  Settlement

The parties have discussed settlement, but have unable to reach agreement.  They will continue to negotiate and will advise the Court immediately if settlement is reached.

### S.  Length of Trial

The probable length of trial is five to seven days.  This case is scheduled for trial before a jury beginning on October 18, 2010 at 8:30 a.m.

Submitted by:

Attorneys for Plaintiff

/s/ Jon Loevy
Loevy & Loevy
Jon Loevy
Gayle Horn
Elizabeth Wang
312 N. May Street
Suite 100
Chicago, IL 60607

The William Hodes Professional Corporation
William Hodes
8125 Raven Rock Drive
Indianapolis, IN 46256

Attorneys for Defendant, City of Elkhart

/s/ Martin W. Kus
Newby, Lewis, Kaminski & Jones, LLP.
Martin W. Kus, #5377-46
Matthew J. Hagenow, # 22378-46
Michelle L. Shirk, # 27343-46
Nicholas T. Otis, # 27992-64
916 Lincolnway, P. O. Box 1816
La Porte, IN  46352-1816
Telephone (219) 362-1577

Attorneys for Defendants, Steve Rezutko, Steve Ambrose, Tom Cutler

/s/ Lynn E. Kalamaros
Huent Suedhoff Kalamaros, LLP.
Lynn E. Kalamaros
Andrew S. Williams
Dinah H. Sampson
205 W. Jefferson Blvd., Ste. 300
South Bend, IN 46634-4156

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PARISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:3:07-CV-452-RL |
| | ) | |
| | ) | |
| CITY OF ELKHART, INDIANA, | ) | |
| STEVE REZUTKO, STEVE AMBROSE and | ) | |
| TOM CUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

---

## PROOF OF SERVICE

---

I hereby certify that on the 5th day of October 2010, I electronically filed a complete copy of the Proposed Pre-Trial Order and this Proof of Service on all counsel of record by means of the Clerk of the Court CM/ECT system.


By:  /S/ Jon Loevy

Jon Loevy
Loevy & Loevy
312 N. May Street
Suite 100
Chicago, IL 60607