IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION

|  |  |
|---|---|
| CHRISTOPHER PARISH, et al, ) | |
| ) | |
| Plaintiffs, ) | Judge Lozano |
| ) | |
| vs. ) | Case No. 07-0452 |
| ) | |
| CITY OF ELKHART, et al, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' TRIAL EXHIBITS**

    Now come Plaintiffs, by their counsel, and respectfully object to some of Defendants' Trial Exhibits as follows.

- EXHIBIT 1 – Plaintiffs' only objection is foundation to the fact that photo is in color. Defense counsel has explained to Plaintiffs' counsel that the color photos were created shortly before trial from negatives apparently located at the Elkhart Police Department. Foundation for the color version is therefore necessary at trial.

- EXHIBIT 2 – Same objection as Exhibit 1.

- EXHIBIT 3 – Same objection as Exhibit 1.

- EXHIBIT 13 – Same objection as Exhibit 1. Furthermore, this document was produced for the first time after discovery had closed. Defense counsel has explained to Plaintiff's counsel that it was located with several other documents that had been misfiled. Foundation to that extent is thus required.

- EXHIBIT 15 – Same objection as Exhibit 1.

- EXHIBIT 25 – Relevance.

- EXHIBIT 28 – Hearsay.

EXHIBIT 44 -   Foundation, hearsay, relevance.

EXHIBIT 46 -   Foundation, hearsay, relevance.

EXHIBIT 51 -   Hearsay, relevance, Rule 403, Plaintiffs' motion *in limine*

EXHIBIT 54 -   Hearsay, relevance, Rule 403

EXHIBIT 55 -   Hearsay, relevance, Rule 403

EXHIBIT 58 -   Foundation, relevance, hearsay

EXHIBIT 59 -   Relevance, hearsay.

EXHIBIT 64 -   Expert report not admissible evidence; hearsay.

EXHIBIT 65 -   Group Exhibit containing hundreds of pages is not admissible; much of it is hearsay, irrelevant, and unfairly prejudicial references

EXHIBIT 66 -   The entire 500+ page trial transcript is not admissible; hearsay, Rule 403, some subjects covered by motions *in limine*.

EXHIBIT 68 -   The entire transcript from sentencing is not admissible evidence; hearsay, Rule 403, some subjects covered by motions *in limine*.

EXHIBIT 69 -   Appellate opinions are inadmissible. <u>CPC Intern., Inc. v. Northbrook Excess and Surplus Ins. Co.</u>, 144 F.3d 35, 44-45 n.10 (1st Cir. 1998) ("other circuits have affirmed the exclusion of prior judicial opinions on Rule 403 grounds, all of them citing the danger of jury confusion and prejudice to the party as bases for their decision"); <u>Johnson v. Colt Industries Operating Corp.</u>, 797 F.2d 1530, 1534 (10th Cir. 1986) ("The most significant possible problem posed by the admission of a judicial opinion is that the jury might be confused as to the proper weight to give such evidence. It is possible that a jury might be confused into believing that the opinion's findings are somehow binding in the case at bar. Put most extremely, the jury might assume that the opinion is entitled to as much weight as the trial court's instructions since both emanate from courts."); <u>U.S. Steel, LLC, v. Tieco, Inc.</u>, 261 F.3d 1275, 1286-87 (11th Cir. 2001) (admission during a jury trial of

a state court judicial opinion was reversible error).

EXHIBIT 70 -   See Plaintiffs' motion *in limine*; hearsay, foundation, relevance, unfair prejudice

EXHIBIT 71 -   The entire court file from the Cooper case is not admissible as a group exhibit; much is hearsay and covered by Plaintiffs' motions *in limine*

EXHIBIT 72 -   The entire Cooper trial transcript is not admissible; hearsay, Rule 403, some subjects covered by motions *in limine.*

EXHIBIT 73 -   No exhibit proffered; presumed withdrawn.

EXHIBIT 75 -   Relevance, foundation, hearsay.

EXHIBIT 76 -   Relevance, foundation, hearsay.

EXHIBIT 77 -   No exhibit proffered; presumed withdrawn.

EXHIBIT 78 -   See Plaintiffs' motion *in limine*; hearsay, foundation, relevance, unfair prejudice

EXHIBIT 79 -   Plaintiff reserves objections until receiving notice of which specific requests Defendants seek to introduce

EXHIBIT 80 -   Plaintiff reserves objections until receiving notice of which specific interrogatories Defendants seek to introduce

EXHIBIT 79 -   Relevance.

```
                              respecfully submitted,

                              /s/ Jon Loevy
                              Loevy & Loevy
                              Jon Loevy
                              Gayle Horn
                              Elizabeth Wang
                              Heather Donnell
                              312 N. May Street
                              Suite 100
                              Chicago, IL 60607

                              The William Hodes Professional
                              Corporation
                              William Hodes
                              8125 Raven Rock Drive
                              Indianapolis, IN 46256
                              Attorneys for Plaintiffs
```

### CERTIFICATE OF SERVICE

I, Jon Loevy, an attorney, certify that on October 14, 2010, I served a copy of this motion on all counsel of record via the ECF system.

```
                              /s/ Jon Loevy
```