IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER PARISH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   NO. 3:07-CV-452 |
| | ) |
| CITY OF ELKHART, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on: (1) City of Elkhart's Motion to Dismiss for Failure to Comply with Indiana Tort Claims Act, filed on September 23, 2010; and (2) Steve Rezutko, Steve Ambrose and Tom Cutler's Motion to Dismiss State Law Intentional Infliction of Emotional Distress Claim, filed on September 27, 2010.  For the reasons set forth below, the City of Elkhart's motion is **GRANTED in part and Denied in part**.  To the extent the City of Elkhart seeks to recover fees incurred in defending against the IIED claim, this motion is **DENIED**.  To the extent the City of Elkhart seeks dismissal of the IIED claim based upon the Indiana Tort Claims Act, this motion is **GRANTED**.  Steve Rezutko, Steve

-1-

Ambrose and Tom Cutler's motion to dismiss is **GRANTED.**[1]  As a result, the only remaining plaintiff is Christopher Parish and the only remaining claim is his section 1983 claim.

BACKGROUND

On September 24, 2007, Plaintiffs, Christopher Parish, his three minor children, his fiancée and his mother, filed suit against Defendants, City of Elkhart and three former officers of the city's police department.  Plaintiffs brought a number of claims against Defendants.  In response, Defendants filed a motion to dismiss many of Plaintiffs' claims, primarily arguing that those claims were barred by the applicable statute of limitations.

On September 5, 2008, this Court granted in part Defendants' motion to dismiss, which dismissed a number of claims, including a state law intentional infliction of emotional distress ("IIED") claim.  Plaintiffs appealed this Court's decision to the Seventh Circuit Court of Appeals.  The Seventh Circuit affirmed this Court's ruling in part, but reversed and remanded this Court's dismissal of the IIED claim.

Defendants have now filed a second round of motions to dismiss Plaintiffs' claims based on the Indiana Tort Claims Act ("ITCA").

---

[1] Plaintiffs concede that they have not asserted any state law claims against Steve Rezutko, Steve Ambrose or Tom Cutler.  Plaintiffs acknowledge that any such individual suits would be barred by the ITCA. (DE# 115, p. 1, n.1).

-2-

This time, the City of Elkhart argues that any alleged IIED claim should be dismissed because Plaintiffs failed to comply with the ITCA's notice requirements and, alternatively, because the City of Elkhart is immune from any such claim.  Moreover, the City of Elkhart seeks to recover fees incurred in defending the IIED claim.

In response, Plaintiffs argue that Defendants have waived these arguments by not including them in the first round of motions to dismiss.  Plaintiffs further argue that even if the City of Elkhart's arguments are not waived, they nevertheless fail on their merits.

In addition to the IIED claim, the parties are in disagreement about whether Christopher Parish's children have claims pending for trial.

Indiana Tort Claims Act

Plaintiffs ask this Court to find that the City of Elkhart has waived any argument that an IIED claim is barred by the ITCA because that argument was not raised in the first round of motions to dismiss.  Notably, though, Plaintiffs cite no legal authority establishing that Defendants have waived this argument as a matter of law.  It cannot go unnoticed that this defense should come as no surprise to Plaintiffs as the City of Elkhart did raise this defense as an affirmative defense in its answer.  In addition, due to the IIED claim being at the court of appeals during the summary

judgment briefing, the City of Elkhart did not have the ability to raise this defense in its motion for summary judgment. Simply put, the Court will consider the City of Elkhart's challenge.

Plaintiffs' Notice of Claim was Timely Filed

The ITCA requires any person bringing a tort claim against a political subdivision of the state, such as the City of Elkhart, to serve notice on the governing body of that political subdivision within 180 days after the loss occurs. Ind. Code § 34-13-3-8(a). The City of Elkhart claims Parish's loss occurred on December 6, 2005, when his conviction was overturned. Therefore, the City of Elkhart maintains that Parish filed the notice 527 days after Parish's loss, which is outside of the 180 day window.

To determine whether Parish filed a timely notice, this Court must first determine when the loss occurred. The Seventh Circuit has made this inquiry rather simple. The Seventh Circuit held that Parish's IIED claim "accrued upon his exoneration." *Parish v. City of Elkhart*, 614 F.3d 677 (7th Cir. 2010). While Parish's conviction was reversed and he was granted a new trial in July 2006, he was not exonerated of the charges until December 2006. (Cmplt ¶ 22). Indeed, the alleged loss not only relates to the underlying conviction, but also the investigation that gave rise to those criminal charges. Thus, Parish's loss occurred - for accrual purposes - when the charges were ultimately dropped in December

2006.

Parish filed his tort notice claim with the City of Elkhart on May 17, 2007, which was within 180 days after his loss occurred. Therefore, the tort claim was timely filed.

### The City of Elkhart is Immune from IIED Claim Pursuant to ITCA

The City of Elkhart maintains that it is immune from liability on Parish's IIED claim under the ITCA's law enforcement immunity. The ITCA provides:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following:
>
> > (8) The adoption and enforcement of or a failure to adopt or enforce a law (including rules and regulations), unless the action of enforcement constitutes false arrest or false imprisonment.

Ind. Code § 34-13-3-3.

Thus, to receive immunity under this section of the ITCA, a defendant must: (1) be engaged in the enforcement of a law; and (2) act within the scope of employment. *Becker v. Porter County Sheriff's Dept.*, No. 2:06-CV-350, 2009 WL 500562, at *6 (N.D. Ind. Feb. 27, 2009); *Kocon v. Lake County Sheriff's Dept.*, No. 2:06-CV-13, WL 1959239, *10 (N.D. Ind. June 29, 2007). Notably, this immunity applies even where the City of Elkhart's employees conduct is contrary to law.

Plaintiffs allege the IIED claim against the City of Elkhart.

Christopher Parish alleges to have suffered emotional strain and mental anguish based on the City of Elkhart, through its agents, falsely implicating him in the shooting of Michael Kershner, building a false case against him, and having him falsely imprisoned. There is no question that this IIED claim relates to the acts or omissions of Elkhart's employees taken by them while acting within the scope of their employment. (Cmplt ¶ 38). In addition, there is no question that the allegations establish that the IIED claim arises out of the City of Elkhart's employees' acts of enforcing the law. (Cmplt ¶¶ 17-27). Thus, the law enforcement provision of the ITCA applies in this case.

However, the question remains whether the IIED claim falls within an exception to the ITCA's law enforcement immunity provision. To answer this question, the Court must determine whether the ITCA's exemption of immunity coverage for acts of false imprisonment extends to other claims. Plaintiffs concede that, prior to June 28, 2010, the weight of authority would find that "add-on" torts, like IIED, are encompassed by the law enforcement immunity of the ITCA. See *City of Anderson v. Davis*, 743 N.E.2d 359 (Ind. Ct. App. 2001); see also *Radjen v. Parrish*, No. 2:08-CV-160, 2009 WL 3060206 (N.D. Ind. Sept. 21, 2009); *Holman ve. Hensler*, No. 1:08-CV-254, 2009 WL 4843336 (N.D. Ind. Dec. 14, 2009); *Kocon*, No. 2:06-CV-13, 2007 WL 1959239.

Nevertheless, Plaintiffs argue that the Indiana Supreme

Court's June 28, 2010, decision in *Wilson v. Isaacs*, 929 N.E.2d 200 (Ind. 2010), changed the landscape of the ITCA and opened the door for "add-on" torts to be brought against governmental defendants even absent a claim for false arrest or false imprisonment. As such, Plaintiffs believe that the law enforcement immunity of the ITCA does not apply to his IIED claim. This Court disagrees.

"The ITCA established limitations on the judicially decreed rights to sue and recover from governmental entities and their employees through procedural mechanisms such as notice requirements and limitations on recovery. The ITCA also established extensive immunity provisions which shield governmental units from liability even in those cases where a common law duty of care exists." *Benton v. City of Oakland City*, 721 N.E.2d 224, 232 (Ind. 1999). The Indiana Supreme Court acknowledged that "it is the legislature, and not the courts, that is in the best position to determine the nature and extent to which governmental units in Indiana should be insulated from tort liability." *Id.*

In *Wilson*, the plaintiffs alleged a Cass County deputy sheriff used unreasonable and excessive force during the course of an arrest, in violation of Indiana Code section 35-41-3-3(b). *Wilson v. Isaacs*, 929 N.E.2d 200 (Ind. 2010). The deputy sheriff argued that he was immune from any alleged use of unreasonable or excessive force under the ITCA's law enforcement immunity. In deciding this issue, the Indiana Supreme Court acknowledged that

this was not a new legal question and looked to its prior decision of *Patrick v. Miresso*, 848 N.E.2d 1083 (Ind. 2006), for guidance. *Id.* at 203.

In *Miresso*, a plaintiff brought suit arising out of an officer's negligent operation of a police vehicle while pursuing a fleeing suspect. The officer sought law enforcement immunity under the ITCA. The Court noted that Indiana imposes a statutory duty to operate emergency vehicles "with due regard for the safety of all persons." *Id.* (quoting Ind. Code § 9-21-1-8(d)(1)). The *Miresso* Court held that the "statutory immunity [of the ITCA] was construed in conjunction with the statutory requirement that emergency vehicles be operated 'with due regard for the safety of all persons.'" *Id.* In order to construe these two statutes harmoniously, the Indiana Supreme Court declined to extend the immunity to claims of government negligence in operating emergency vehicles. *Id.* Holding that the statutory duty in *Miresso* was analogous to the statutory duty in *Wilson*, the Indiana Supreme Court found that the law enforcement immunity of the ITCA should not be extended to a law enforcement officer's use of force under Indiana Code section 35-41-3-3(b).

*Wilson* did not change the landscape of the ITCA. The legislature has always been permitted to determine the scope of immunity granted under the ITCA. That is precisely what happened in both *Miresso* and *Wilson*; the scope of immunity was narrowed by

the legislature's implementation of other statutes. In this case, however, Parish is not arguing that the City of Elkhart violated any statute in connection with the IIED claim. Instead, Parish's claim is one that arises under common law. Common law "add-on" torts, such as IIED, are not exceptions to the law enforcement immunity under the ITCA. Therefore, the City of Elkhart is immune from Parish's IIED claim.

Derivative Plaintiffs and Claims

For some reason - the parties will differ on the precise reason - there is a dispute as to what plaintiffs and claims remain for trial. Initially, Christopher Parish, his mother, his fiancée (referred to at times as his common law wife), and his three minor children were identified as plaintiffs in this case. All plaintiffs had federal and state law claims.

Plaintiffs argue that Christopher Parish and his three minor children are the remaining plaintiffs.[2] As established above, Christopher Parish has only his section 1983 claim remaining. In this order, the Court found Christopher Parish's IIED claim was barred by the ITCA.

So, the question then turns to what, if any, claims do Parish's children have? Plaintiffs argue that the children have

---

[2] Plaintiffs concede that Christopher Parish's mother and fiancée/common law wife do not have viable claims. (DE# 121, p.3 n.1).

viable IIED claims and state law loss of consortium claims[3]. Defendants, however, argue that Christopher Parish is the only Plaintiff.

Although this Court is aware that sua sponte granting of dismissal warrants caution and generally requires that the party against whom dismissal is sought has notice and an opportunity to respond, dismissal of Parish's children's claims[4] is not purely sua sponte. Defendants have argued that Parish's children's claims are without merit and moreover barred by the ITCA. The validity and viability of the children's derivative claims were challenged and questioned at the Court's October 8, 2010, final pretrial conference. In response, Plaintiffs submitted a brief regarding the status of Parish's children's claims wherein Plaintiffs argued that based upon ordinary tort principles the children have viable IIED and loss of consortium claims. However, Plaintiffs failed to address how the ITCA impacts those claims. Immunity trumps the traditional formulation of tort liability "and bars recovery even where ordinary tort principles would impose liability." *Gary Comm. School Corp. v. Roach-Walker*, 917 N.E.2d 1224, 1225 (Ind. 2009).

As this Court has already established, the ITCA provides the City of Elkhart with immunity from Parish's IIED claim. This conclusion extends to any IIED claims brought by Parish' children.

---

[3] The children's federal loss of consortium claims were dismissed at the summary judgment stage. (DE# 83, p.23)

[4] Assuming their existence.

-10-

In addition, the ITCA provides immunity to the City of Elkhart based on any alleged loss of consortium claim[5] brought by Parish's children.  *See e.g. Davis v. Marion County Sheriff's Dept.*, No. 1:09-CV-681, 2010 WL 3893813, *4 (S.D. Ind. Sept. 29, 2010)(holding that the ITCA applies to all state law claims[6], including loss of consortium); *Kibbey v. Marion County*, No. 1:09-CV-143, 2010 WL 1881281, *7 (S.D. Ind. May 10, 2010).  As such, Parish's children have no claims remaining for trial.

Imposition of Fees is Not Warranted

The City of Elkhart requests to be reimbursed attorney's fees incurred in defending the IIED claim on remand.  The City of Elkhart claims that Parish's pursuit of the IIED claim is frivolous, unreasonable and/or groundless.  While Parish was ultimately unsuccessful in pursing his IIED claim, this Court does not find Parish's pursuit to be in bad faith such that sanctions are warranted.  Accordingly, the City of Elkhart's request is denied.

CONCLUSION

For the reasons set forth below, the City of Elkhart's motion

---

[5] Because this Court granted the City of Elkhart dismissal based upon immunity, the Court never reached the merits of these alleged loss of consortium claims.

[6] Except those specifically excluded such as false imprisonment and false arrest.

is **GRANTED in part and Denied in part**.  To the extent the City of Elkhart seeks to recover fees incurred in defending against the IIED claim, this motion is **DENIED**.  To the extent the City of Elkhart seeks dismissal of the IIED claim based upon the Indiana Tort Claims Act, this motion is **GRANTED**.  Steve Rezutko, Steve Ambrose and Tom Cutler's motion to dismiss is **GRANTED.**  As a result, the only remaining plaintiff is Christopher Parish and the only remaining claim is his section 1983 claim.


**DATED:  October 15, 2010**          **/s/RUDY LOZANO, Judge**
                                      **United States District Court**