**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER PARISH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:07CV0452RL |
| | ) | |
| CITY OF ELKHART, INDIANA, | ) | |
| STEVE REZUTKO, STEVE AMBROSE and | ) | |
| TOM CUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STEVE REZUTKO'S REQUEST FOR**
**FINAL JURY INSTRUCTIONS**
**UPON WHICH THE PARTIES COULD NOT AGREE**

Pursuant to the Court's March 10, 2010, Order Controlling Final Pretrial Conference and Trial and October 15, 2010 Order and following a conference of the attorneys, Defendant Steve Rezutko, before the presentation of evidence, hereby requests the Court to instruct the jury in writing, and tender to the Court his final written instructions, upon which the parties could not reach an agreement, numbered from 1 to 13, and request the Court to give and read to the jury each of said instructions and to indicate in advance of final argument which instruction will be given and which will be modified or refused.

Dated this 18th day of October, 2010.

Respectfully submitted,

HUNT SUEDHOFF KALAMAROS, LLP


s/ Lynn E. Kalamaros
Lynn E. Kalamaros #17220-71
Andrew S. Williams #23797-02
P.O. Box 4156
205 W. Jefferson Blvd., Ste. 300
South Bend, IN 46634-4156
(574) 232-4801 Phone
(574) 232-9736 Fax
LKalamaros@hsk-law.com
Awilliams@hsk-law.com
ATTORNEYS FOR DEFENDANT,
STEVE REZUTKO


## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

Gayle M. Horn
Jon Loevy
Heather Lewis Donnell
Loevy & Loevy
312 N. May Street, Suite 100
Chicago, Illinois 60607

Martin Kus
Matthew Hagenow
Michelle Shirk
Todd Otis
Newby, Lewis, Kaminski, & Jones, LLP
916 Lincolnway
LaPorte, Indiana 46350

W. William Hodes
The William Hodes PC
8125 Raven Rock Drive
Indianapolis, Indiana 46256


s/ Lynn E. Kalamaros
Lynn E. Kalamaros

## <u>PROPOSED INSTRUCTION NO. 1</u>

You have heard evidence that witness, Eddie Love, has been convicted of crimes. You may consider this evidence only in deciding whether Eddie Love's testimony is truthful in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

7th Cir. Pattern Jury Instruction 1.15, 2.11

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

**<u>Nature of Disagreement and Defendant Rezutko's Response:</u>**

The parties have agreed to this proposed instruction.

## <u>PROPOSED INSTRUCTION NO. 2</u>

The Plaintiff must prove by a preponderance of the evidence that Steve Rezutko was personally involved in the conduct that that Plaintiff complains about.  You may not hold Steve Rezutko liable for what other employees did or did not do.

7th Cir. Pattern Jury Instruction 7.02

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

**<u>Nature of Disagreement and Defendant Rezutko's Response:</u>**

The basis for the Plaintiff's objection to this instruction is unclear.   However, the instruction is a 7th Circuit Pattern Jury Instruction.   It is a correct statement of the law.   No other instruction submitted is substantially similar.   Therefore, the instruction is appropriate.

## PROPOSED INSTRUCTION NO. 3

The Plaintiff must prove by a preponderance of the evidence that Steve Ambrose was personally involved in the conduct that that Plaintiff complains about.  You may not hold Steve Ambrose liable for what other employees did or did not do.

7th Cir. Pattern Jury Instruction 7.02

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

**Nature of Disagreement and Defendant Rezutko's Response:**

As a result of the Plaintiff's agreement to dismiss Steve Ambrose, this instruction is

withdrawn

## PROPOSED INSTRUCTION NO. 4

The Plaintiff has alleged that the defendants withheld exculpatory evidence and used unduly suggestive identification procedures in violation of his Constitutional right to a fair trial.

In order to prove his claim of personal liability against the defendants, the Plaintiff must establish by a preponderance of the evidence the following elements as to each officer:

a.   That the alleged evidence was, in fact, at the time of the Plaintiff's criminal trial established by law as being exculpatory;

b.   That the officer deliberately withheld information, seeking to misdirect or mislead the prosecutors and the defense;

c.   That the evidence allegedly withheld was material such that there is a reasonable probability that the suppression of the evidence undermines confidence in the outcome of the trial and that a different result would have occurred had it been made known.

*Newsome v. McCabe*, 260 F. 3d 824 (7th Cir. 2001); *United States v. Bagley*, 473 U.S. 667 (1985)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**<u>Nature of Disagreement and Defendant Rezutko's Response:</u>**

  This Proposed Instruction has been combined with Proposed Instruction No. 6 and the Plaintiff's Proposed Instruction No. 3.   The resulting instruction is Defendant Rezutko's Proposed Instruction No. 13.

## PROPOSED INSTRUCTION NO. 5

The defendants had no obligation to disclose any exculpatory or impeachment evidence unless it was known to them at the time of the Plaintiff's criminal trial.  In other words, there was no affirmative duty on the part of the defendants to seek information not in their possession if they were unaware of the existence of that information.

*United States v. Earnest*, 129 F.3d 906, 910 (7th Cir. 1997).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**Nature of Disagreement and Defendant Rezutko's Response:**

  The Plaintiff objects to this instruction.  However, the instruction is a correct statement of the law.  No other instruction submitted is substantially similar.  The Defendant Officers' authority for this instruction is *United States v. Earnest*, 129 F.3d 906, 910 (7th Cir. 1997). Therefore, this instruction should be given.

## PROPOSED INSTRUCTION NO. 6

To hold a defendant police officer liable for a failure to disclose impeachment or exculpatory evidence, the plaintiff must show that:

(1) there was a failure to disclose impeachment or exculpatory evidence;

(2) the evidence was material;

(3) the officer deliberately withheld the information for the purpose of depriving the plaintiff of the use of evidence during his criminal trial, seeking to misdirect or mislead the prosecutors and the defense; and

(4) the evidence negates any negligent or innocent explanation for the actions on the partof the police.

The plaintiff has the burden of proving each of these elements by a preponderance of the evidence.

*Jean v. Collins*, 221 F.3d 656, 660 (4th Cir. 2000); *Newsome v. McCabe*, 256 F.3d 747, 824 (7th Cir. 2001)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**<u>Nature of Disagreement and Defendant Rezutko's Response:</u>**

This Proposed Instruction has been combined with Proposed Instruction No. 4 and the Plaintiff's Proposed Instruction No. 3.   The resulting instruction is Defendant Rezutko's Proposed Instruction No. 13.

## PROPOSED INSTRUCTION NO. 7

If the Plaintiff would have had access to exculpatory or impeachment evidence before trial by the exercise of reasonable diligence, it cannot be regarded as having been "suppressed".

*United States v. Earnest*, 129 F.3d 906, 910 (7th Cir. 1997).

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

**<u>Nature of Disagreement and Defendant Rezutko's Response:</u>**

The basis for the Plaintiff's objection to this instruction is unclear.   However, the instruction is a correct statement of the law.   No other instruction submitted is substantially similar.   Defendant Rezutko's authority for this instruction is *United States v. Earnest*, 129 F.3d 906, 910 (7th Cir. 1997).   Therefore, this instruction should be given.

## PROPOSED INSTRUCTION NO. 8

Police need not spontaneously reveal to prosecutors every piece of information that with the benefit of hindsight and the context of other evidence could help the criminal defendant.

*Newsome v. McCabe*, 260 F.3d 824, 824 (7th Cir. 2001).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**Nature of Disagreement and Defendant Rezutko's Response:**

The basis for the Plaintiff's objection to this instruction is unclear. However, the instruction is a correct statement of the law. No other instruction submitted is substantially similar. Defendant Rezutko's authority for this instruction is *Newsome v. McCabe*, 260 F.3d 824, 824 (7th Cir. 2001). Therefore, this instruction should be given.

## **PROPOSED INSTRUCTION NO. 9**

If there was probable cause for the Plaintiff's arrest, Defendant Steve Rezutko did not need to do more investigation to uncover evidence that the Plaintiff was innocent.

7th Cir. Pattern Jury Instruction 7.07

GIVEN:  _____

REFUSED:  _____

MODIFIED:  _____

**Nature of Disagreement and Defendant Rezutko's Response:**

The basis for the Plaintiff's objection to this instruction is unclear.  However, the instruction is a 7th Circuit Pattern Jury Instruction.  It is a correct statement of the law.  No other instruction submitted is substantially similar.  Therefore, the instruction is appropriate and should be given.

## PROPOSED INSTRUCTION NO. 10

A due process violation is not properly based upon the conduct of lineups during a criminal investigation; rather, upon the concealment of evidence about them.

*Newsome v. McCabe*, 319 F.3d 301, 305 (7th Cir. 2003).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**Nature of Disagreement and Defendant Rezutko's Response:**

The basis for the Plaintiff's objection to this instruction is unclear.   However, the instruction is a correct statement of the law.   No other instruction submitted is substantially similar.   Defendant Rezutko's authority for this instruction is *Newsome v. McCabe*, 260 F.3d 824, 824 (7th Cir. 2001).   Therefore, this instruction should be given.

## PROPOSED INSTRUCTION NO. 11

If you find that Plaintiff has proved any of his claims against any of the Defendant(s), then you must determine what amount of damages, if any, Plaintiff is entitled to recover. If you find that Plaintiff has failed to prove his claims, then you will not consider the question of damages.

7th Cir. Pattern Jury Instruction 7.22

GIVEN:        _____

REFUSED:        _____

MODIFIED:        _____

**Nature of Disagreement and Defendant Rezutko's Response:**

The basis for the Plaintiff's objection to this instruction is unclear.  However, the instruction is a 7th Circuit Pattern Jury Instruction.  It is a correct statement of the law.  No other instruction submitted is substantially similar.  Therefore, the instruction is appropriate and should be given.

### PROPOSED INSTRUCTION NO. 12

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of violating the Plaintiff's due process rights.  These are called "compensatory damages".  The Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.   You should consider the following types of compensatory damages, and no others:

1.    The wages, salary, profits, earning capacity that Plaintiff has lost because of his inability to work.

2.    The mental/emotional pain and suffering that Plaintiff has experienced.  No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

7th Cir. Pattern Jury Instruction 7.23

GIVEN:    _____

REFUSED:    _____

MODIFIED:    _____

**Nature of Disagreement and Defendant Rezutko's Response:**

The basis for the Plaintiff's objection seems to be that Plaintiff prefers his own instruction which includes a discussion of present value. Defendant Rezutko has objected to the Plaintiff's instruction because of the reference to present value.

Defendant Rezutko's proposed instruction is a 7th Circuit Pattern Jury Instruction. It is a correct statement of the law. Therefore, the instruction is appropriate and should be given.

## PROPOSED INSTRUCTION NO. 13

To succeed on his claim for the asserted violation of his constitutional right to due process of law, as for Defendant Steve Rezutko, the Plaintiff Christopher Parish must prove by a preponderance of the evidence that Defendant Rezutko deliberately caused a situation in which no fair trial of Plaintiff Parish could take place by doing any of the following things:

1.    Using unnecessarily suggestive identification procedures that resulted in an unreliable identification of Parish that was material, exculpatory and was deliberately not disclosed to the prosecutor; or

2.    Deliberately withholding material exculpatory evidence from the prosecutors, judge, or defense counsel that would have undermined the credibility of the State's witnesses against Parish, or would have otherwise tended to show that Parish was innocent of the charges against him; or

3.    Deliberately creating false evidence or statements tending to falsely implicate Plaintiff in a crime by means of improper coercion, manipulation, and/or outright fabrication, all without the knowledge of the prosecutors, judge, or defense counsel which evidence or statements are material.

A "fair trial" is described as one resulting in a verdict worthy of confidence.

Evidence is "material" if there is a reasonable probability that the suppression of the evidence undermines confidence in the outcome of the trial and that a different result would have occurred had it been made known.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**Nature of Disagreement and Defendant Rezutko's Response:**

This instruction is a modified version of the Plaintiff's Proposed Instruction No. 3.  It is being offered as a compromise instruction in lieu of Defendant Rezutko's Proposed Instruction Nos. 4 and 6.