UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PARISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:3:07-CV-452-RL |
| | ) | |
| | ) | |
| CITY OF ELKHART, INDIANA, | ) | |
| STEVE REZUTKO, STEVE AMBROSE and | ) | |
| TOM CUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF ELKHART'S
REVISED PROPOSED ISSUE AND FINAL JURY INSTRUCTIONS**

Defendant City of Elkhart, by counsel, pursuant to Federal Rule of Civil Procedure 51(a), files its Revised Proposed Issue Instruction for the Court to give to the jury before jury selection and opening statements are given.

Defendant also moves for a reasonable opportunity to examine the Court's introductory instructions and state any objections to the Court's introduction instructions out of the presence of the prospective jurors and before jury selection has begun, and to state any objections to the Court's preliminary instructions, out of the presence of the jury and before any party has made an opening statement.

Defendant City of Elkhart, by counsel, pursuant to Federal Rule of Civil Procedure 51(a), also files Defendant's Revised Proposed Final Jury Instructions 1-20.[1]

---

[1] This set currently contains only 17 proposed final jury instructions. To avoid confusion as the parties have modified and adjusted their respective sets of instructions, Defendant has retained the same numbers for its proposed instructions as was used in its original draft.

Defendant further requests the right to supplement these instructions, as needed, at the close of evidence.

NEWBY, LEWIS, KAMINSKI & JONES, LLP

By:/s/ Martin W. Kus
  Martin W. Kus #5377-46
  Matthew J. Hagenow, #22378-46
  Michelle L. Shirk, #27343-46
  Attorney for Defendant City of Elkhart
  916 Lincolnway, P. O. Box 1816
  La Porte, IN  46352-1816
  Telephone (219) 362-1577

## DEFENDANT'S PROPOSED ISSUE INSTRUCTION

This lawsuit arises out of the October 29, 1996 shooting of Michael Kershner.  After a police investigation, Plaintiff Christopher Parish, was arrested and charged with attempted murder and robbery with respect to this shooting.  On June 26, 1998, after a three-day trial, a jury reached a verdict of guilty against Parish as to both counts.  Parish appealed the verdict entered against him.  On December 6, 2005, the Indiana Court of Appeals found that Parish had ineffective assistance of counsel at his trial, reversed his conviction, and remanded the case for retrial.  The charges against Parish were ultimately dismissed.

Parish now brings this suit against Officer Steven Rezutko and the City of Elkhart pursuant to 42 U.S.C. §1983.  Plaintiff claims that the defendants violated his federal constitutional right to due process.  Specifically, he claims that Officer Rezutko of the City of Elkhart prevented him having a fair trial by conducting an improper investigation, withholding or destroying exculpatory evidence, and using an unduly suggestive lineup.

If you find that Officer Rezutko did violate Parish's right to a fair trial, you will then need to determine whether the constitutional violation was caused by a policy or custom of the City of Elkhart.  Parish claims that the City had policies or customs of allowing its officers to withhold or destroy exculpatory evidence, engaging in suggestive photo arrays, and displaying "deliberate indifference" to constitutional violations by failing to adequately supervise and train its police officers.

Parish seeks money damages based on his claims, including compensatory damages against all defendants and punitive damages against Officer Steven Rezutko only.

Defendants Officer Steven Rezutko and the City of Elkhart deny all of Parish's claims against them.  They contend that Parish was not deprived of the right to a fair criminal trial and

that his conviction was not wrongful.  Parish was identified before and at trial by multiple eyewitnesses, most of whom testified against him at trial.  He had a fair opportunity to cross-examine these witnesses and to present witnesses of his own as part of his defense case.

Defendant City of Elkhart further contends that the investigation that led to Parish's arrest was proper, that no exculpatory evidence was withheld, and that the line-ups used by the witnesses were not unduly suggestive.  Defendants specifically deny that Officer Rezutko acted in violation of Parish's constitutional rights in these manners.

Defendants also deny that the City of Elkhart had any policy or custom of allowing officers to destroy exculpatory evidence or engaging in suggestive photo arrays. They also deny that the City of Elkhart displayed "deliberate indifference" to constitutional violations by failing to train its police officers.

The City of Elkhart further contends that any deficiencies at Parish's trial were the result of his receiving ineffective assistance of counsel, as determined by the Indiana Court of Appeals in its decision to reverse his conviction in 2005.  After the conviction was reversed, the State of Indiana, through its prosecuting attorney, decided to not retry Parish.

Defendants contend that Parish should recover no award of money damages whatsoever for his claims.

Parish has the burden of proving his claims against each of the defendants by a preponderance of the evidence.  Officer Steven Rezutko and the City of Elkhart have no burden to disprove Parish's claims against them.

GIVEN                              _____

REFUSED                          _____

GIVEN AS MODIFIED        _____

WITHDRAWN                    _____

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 1
### (1983 – General Standards)

Plaintiff, Christopher Parish, brings a claim under 42 U.S.C. §1983.  In order for Parish to succeed in his claim under this federal statute, he must show that the defendants, the City of Elkhart and Officer Steven Rezutko, acting under color of state law, deprived him of his due process right to a fair trial.

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.

GIVEN                              _____

REFUSED                         _____

GIVEN AS MODIFIED        _____

WITHDRAWN                   _____

Federal Civil Jury Instructions of the Seventh Circuit, 7.03, General: "Under Color of Law" (modified).
Kyles v. Whitley, 514 U.S. 419, 434 (1995).
Alexander v. South Bend, 433 F.3d 550, 555 (7th Cir. 2006).
Smith v. Springer, 859 F.3d 31, 34 (7th Cir. 1988).

## <u>DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 2</u>
### (1983 – General Standards)

To prove a violation of his constitutional right to due process, it is not enough for Parish to demonstrate that the investigative methods and techniques used by the defendants were flawed. Instead, he must show how, specifically, an allegedly flawed procedure or investigation prevented him from having a fair trial.

A "fair trial" is described as one resulting in a "verdict worthy of confidence."

GIVEN                                _____

REFUSED                            _____

GIVEN AS MODIFIED        _____

WITHDRAWN                      _____

<u>Alexander v. South Bend</u>, 433 F.3d 550, 555 (7th Cir. 2006).
<u>Henrickson v. Picardi</u>, 2006 U.S. Dist. LEXIS 4822, *36-38 (N.D. Ill. 2006).
<u>Kyles v. Whitley</u>, 514 U.S. 419, 434 (1995).

## **DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 3**
### (1983 – Officer Liability, Improper Investigation)

One of Parish's allegations in this case is that Officer Rezutko conducted an improper police investigation.

Probable cause for an arrest is present if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would cause a prudent person to believe the suspect had committed an offense.

Once probable cause has been established, officials have no constitutional obligation to conduct any further investigation in the hopes of uncovering potentially exculpatory evidence.  In other words, the police need not automatically interview all available witnesses in a particular case.

GIVEN                                    _____

REFUSED                              _____

GIVEN AS MODIFIED         _____

WITHDRAWN                      _____

Oian v. Kautz, 168 F.3d 949, 953 (7th Cir. 1999).
Jenkins v. Keating, 147 F.3d 577, 585 (7th Cir. 1998).
Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998).
Spiegel v. Cortese, 196 F.3d 717, 723 (7th Cir. 1999).
Harris v. Kuba, 486 F.3d 1010, 1015 (7th Cir. 2007).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 4

(1983 - Officer Liability, Withholding or Destroying Exculpatory Evidence)

One of Parish's allegations in this case is that Officer Rezutko withheld or destroyed "exculpatory evidence" that he could have used at his criminal trial.

Not all evidence that is favorable to a criminal defendant is "exculpatory evidence." The Constitution is not violated every time the government fails or chooses not to disclose evidence that may prove helpful to the defense, nor must the government turn over its entire file to a criminal defendant in a criminal proceeding.

Evidence is exculpatory only if, in light of all the evidence in the criminal trial, the evidence the criminal defendant claims should have been disclosed puts the whole criminal case in such a different light that it undermines confidence in the verdict.

GIVEN                               _____

REFUSED                          _____

GIVEN AS MODIFIED        _____

WITHDRAWN                    _____

Kyles v. Whitley, 514 U.S. 419, 435-437 (1995).
Cal v. Trombetta, 467 U.S. 479, n. 8 (1984).

**DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 5**
(1983 - Officer Liability, Withholding or Destroying Exculpatory Evidence)

To demonstrate a due process violation involving an alleged failure to disclose evidence by the government, Parish must show, by a preponderance of the evidence:

(1) There was a withholding or destruction of exculpatory evidence;

(2) The evidence was material in the sense that it possessed exculpatory value that was apparent before the evidence was withheld or destroyed;

(3) The evidence was material in the sense that it was of such a nature that Parish would have been unable to obtain comparable evidence by other means;

(4) Officer Rezutko intentionally withheld or destroyed the information for the purpose of depriving Parish of the use of evidence during his criminal trial, seeking to misdirect or mislead the prosecutors and the defense;

(5) Because of the knowing withholding or destruction of evidence, the evidence did not become known to Parish and was not otherwise available to Parish through the exercise of reasonable diligence, and

(6) The evidence negates any negligent or innocent explanation for the actions on the part of Officer Rezutko.

Even where the loss of evidence by police may be unprofessional, mere negligence, without more, does not amount to a constitutional violation.

GIVEN                             _____

REFUSED                          _____

GIVEN AS MODIFIED         _____

WITHDRAWN                    _____

Harris v. Kuba, 486 F.3d 1010, 1014-1015 (7th Cir. 2007).
California v. Trombetta, 467 U.S. 479, 480, 485 (1984).
U.S. v. Lov-It Creamery, Inc., 704 F.Supp 1532, 1545-1546 (E.D. Wis. 1989).
Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988).
Montgomery v. Greer, 956 F.2d 677, 681 (7th Circuit 1992).
Jean v. Collins, 221 F.3d 656, 660-661, 663 (4th Cir. 2000).
Carvajal v. Dominguez, 542 F.3d 561, 567 (7th Cir. 2008).

**DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 6**
(1983 – Officer Liability, Unduly Suggestive Line-up)

One of Parish's arguments in this case is that Officer Reztuko used an unduly suggestive line-up to obtain witness identifications.

The constitution does not require that police lineups, photo arrays, or witness interviews meet a particular standard of quality. The police are not required to conduct a search for "identical twins" in age, height, weight, or facial features.

An identification procedure is unduly suggestive only where it creates a very substantial likelihood of irreparable misidentification.

Further, the due process right to a fair trial is violated only where unduly suggestive identification techniques affect the outcome of a trial.

GIVEN                              _____

REFUSED                           _____

GIVEN AS MODIFIED                 _____

WITHDRAWN                         _____

Alexander v. South Bend, 433 F.3d 550, 555 (7th Cir. 2006).
Crane v. Juster, 2005 U.S. Dist. LEXIS 22337, *16 (N.D. Ill. 2005).
Hensley v. Carey, 818 F.2d 646, 649 (7th Cir. 1987)(citing Wright v. State, 175 N.W.2d 652 (1970).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 7
### (1983 – Officer Liability, Personal Involvement)

Parish must prove by a preponderance of the evidence that Officer Steven Rezutko was personally involved in the conduct that Parish complains about.

You may not hold Officer Steven Rezutko liable for what other employees did or did not do.

GIVEN                             _____

REFUSED                          _____

GIVEN AS MODIFIED           _____

WITHDRAWN                      _____

Federal Civil Jury Instructions of the Seventh Circuit, 7.02, General: Requirement of Personal Involvement.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 9
(1983 – Municipal Liability, General Rules)


If you find that Parish has proven by the preponderance of the evidence that Officer Rezutko violated his right to a fair trial, you must consider whether the City of Elkhart is also liable to him.

The City of Elkhart is liable for a constitutional violation only if Parish proves by a preponderance of the evidence Officer Rezutko's conduct was a result of its official policy.

GIVEN                              _____

REFUSED                           _____

GIVEN AS MODIFIED        _____

WITHDRAWN                    _____

Federal Civil Jury Instructions of the Seventh Circuit, 7.19, Liability of Municipality (modified).
Monell v. City of New York Dept. of Soc. Svcs., 436 U.S. 658, 690-691, 694 (1978).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 10
(1983 – Municipal Liability, General Rules)

When I use the term "official policy," I mean a custom that is persistent and widespread, so that it is the City of Elkhart's standard operating procedure.

A persistent and widespread pattern may be a custom even if the City of Elkhart has not formally approved it, if Parish proves that a policy-making official knew of the pattern and allowed it to continue.


GIVEN                              _____

REFUSED                           _____

GIVEN AS MODIFIED         _____

WITHDRAWN                     _____

Federal Civil Jury Instructions of the Seventh Circuit, 7.20, Liability of Municipality: Definition of "Official Policy" (modified).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 11
### (1983 – Municipal Liability, General Rules)

Proof of an isolated incident of misconduct by an individual officer lacking policymaking authority is insufficient to infer a policy, custom, or practice on the part of the local municipality.


GIVEN                              _____

REFUSED                           _____

GIVEN AS MODIFIED        _____

WITHDRAWN                   _____

Powe v. City of Chicago, 664 F.2d 639, 650 (7th Cir. 1981).

**DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 12**
(1983 – Municipal Liability, Withholding or Destruction of Exculpatory Evidence)


To hold the City of Elkhart liable for the withholding of exculpatory evidence, Parish must prove by a preponderance of evidence that:

    (1) There was a withholding or destruction of exculpatory evidence;

    (2) The evidence was material in the sense that it possessed exculpatory value that was apparent before the evidence was withheld or destroyed;

    (3) The evidence was material in the sense that it was of such a nature that Parish would have been unable to obtain comparable evidence by other means;

    (4) Officer Rezutko intentionally withheld or destroyed the information for the purpose of depriving Parish of the use of evidence during his criminal trial, seeking to misdirect or mislead the prosecutors and the defense;

    (5) Because of the knowing withholding or destruction of evidence, the evidence did not become known to Parish and was not otherwise available to Parish through the exercise of reasonable diligence, and

    (6) The evidence negates any negligent or innocent explanation for the actions on the part of Officer Rezutko,

    (7) The City of Elkhart had a policy or custom of withholding material evidence that proximately caused Officer Rezutko's actions and which was the moving force behind depriving Parish of his due process right to a fair trial.


GIVEN                _____

REFUSED            _____

GIVEN AS MODIFIED    _____

WITHDRAWN         _____

Monell v. City of New York Dept. of Soc. Svcs., 436 U.S. 658, 690-691; 694 (1978).
Thomas v. Cook County Sheriff's Dep't., 604 F.3d 293, 306 (7th Cir. 2009).
Harris v. Kuba, 486 F.3d 1010, 1014-1015 (7th Cir. 2007).
California v. Trombetta, 467 U.S. 479, 480, 485 (1984).
U.S. v. Lov-It Creamery, Inc., 704 F.Supp 1532, 1545-1546 (E.D. Wis. 1989).
Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988).
Montgomery v. Greer, 956 F.2d 677, 681 (7th Circuit 1992).

Jean v. Collins, 221 F.3d 656, 660 (4th Cir. 2000).
Carvajal v. Dominguez, 542 N.E.3d 561, 567 (7th Cir. 2008).
Federal Civil Jury Instructions of the Seventh Circuit, 7.20, Liability of Municipality: Definition of "Official Policy" (modified).

## **DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 13**
### (1983 – Municipal Liability, Unduly Suggestive Line-Up)

To hold the City of Elkhart liable for the use of an unduly suggestive line-up, Parish must prove by a preponderance of the evidence that:

    (1) A line-up used for Parish's identification created a very substantial likelihood if irreparable misidentification;

    (2) Such unduly suggestive identification technique actually affected the outcome of Parish's trial; and

    (3) The City of Elkhart had a policy or custom of conducting unduly suggestive lineups that proximately caused Officer Rezutko's actions and which was the moving force behind depriving Parish of his due process right to a fair trial.

GIVEN                _____

REFUSED           _____

GIVEN AS MODIFIED     _____

WITHDRAWN         _____

Alexander v. South Bend, 433 F.3d 550, 555 (7th Cir. 2006).
Crane v. Juster, 2005 U.S. Dist. LEXIS 22337, *16 (N.D. Ill. 2005).
Hensley v. Carey, 818 F.2d 646, 649 (7th Cir. 1987)(citing Wright v. State, 175 N.W.2d 652 (1970).
Monell v. City of New York Dept. of Soc. Svcs., 436 U.S. 658, 690-691; 694 (1978).
Thomas v. Cook County Sheriff's Dep't., 604 F.3d 293, 306 (7th Cir. 2009).
Federal Civil Jury Instructions of the Seventh Circuit, 7.20, Liability of Municipality: Definition of "Official Policy" (modified).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 14
### (1983 – Municipal Liability, Failure to Train)

To hold the City of Elkhart liable for his claim for failure to train, Parish must prove by a preponderance of evidence that:

(1) The City of Elkhart's training program was not adequate to train its officers to properly handle recurring situations;

(2) Officer Rezutko's supervisor knew that more training was needed to avoid the deprivation of Parish's Due Process right to a fair trial, or that this was obvious to him but he was deliberately indifferent of this need; and

(3) The City of Elkhart's failure to provide adequate training proximately caused and was the moving force behind the deprivation of Parish's Due Process right to a fair trial.

GIVEN                             _____

REFUSED                           _____

GIVEN AS MODIFIED            _____

WITHDRAWN                       _____

Federal Civil Jury Instructions of the Seventh Circuit, 7.21, Liability of Municipality for Failure to Train: Elements (modified).
Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 400 (1997).
Monell v. City of New York Dept. of Soc. Svcs., 436 U.S. 658, 694 (1978).
Canton v. Harris, 489 U.S. 378, 390 (1989).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 15
### (1983 – Municipal Liability, Failure to Train)


"Deliberate indifference" is a stringent standard of fault, and requires proof that the actor disregarded a known or obvious consequence of his action.

Deliberate indifference requires more blame than negligence or ordinary lack of care.

GIVEN                                   _____

REFUSED                                 _____

GIVEN AS MODIFIED                       _____

WITHDRAWN                               _____

Farmer v. Brennan, 511 U.S. 825, 835 (1994).
Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 410 (1997).

## **DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 16**
### (1983 – Municipal Liability, Failure to Train)

A plaintiff alleging a constitutional violation stemming from the failure of a municipality to train its police officers cannot recover damages merely by showing that there were things the municipality could have done to prevent the injury alleged.

Rather, Parish must show that the City of Elkhart's training program was deficient, and that this deficiency was "closely related" to the injury alleged.  Parish has the burden of proving these claims by a preponderance of the evidence.

GIVEN                        _____

REFUSED                    _____

GIVEN AS MODIFIED        _____

WITHDRAWN              _____

Canton v. Harris, 489 U.S. 378, 391-392 (1989).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 17
### (1983 – Municipal Liability, Proximate Cause)

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to the plaintiff, and that plaintiff's injury or damage was either a direct result or reasonably probable consequence of the act or omission.

In this case, Parish must prove that he was prevented from having a fair criminal trial as a direct result or reasonably probable consequence of the actions of Officer Rezutko and the City of Elkhart. A "fair trial" is described as one resulting in a "verdict worthy of confidence."

Parish has the burden of proving each and every element of his claims against Officer Rezutko and the City by a preponderance of the evidence. If you find that Parish has failed to prove any one of the elements against any defendant by a preponderance of the evidence, then you must return a verdict for that defendant.


GIVEN                        _____

REFUSED                      _____

GIVEN AS MODIFIED            _____

WITHDRAWN                    _____

Kyles v. Whitley, 514 U.S. 419, 434 (1995).
Alexander v. South Bend, 433 F.3d 550, 555 (7th Cir. 2006).
Henrickson v. Picardi, 2006 U.S. Dist. LEXIS 4822, *36-38 (N.D. Ill. 2006).
McKain v. Bisson, 12 F.3d 692, n. 8 (7th Cir. 1993).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 20
### (Damages)

If you find in favor of Parish, then you must determine the amount of money that will fairly compensate Parish for any injury that you find he sustained as a direct result of Officer Rezutko and the City of Elkhart's alleged deprivation of his due process right to a fair trial.

Parish must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

   1.  The profits that Parish has lost because of his inability to work; and

   2.  The mental/emotional pain and suffering that Parish has experienced.  No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Parish for the injury he has sustained.

If you find in favor of Parish but find that Parish has failed to prove compensatory damages, you must return a verdict for Parish in the amount of one dollar ($1.00).

GIVEN                                    _____

REFUSED                                  _____

GIVEN AS MODIFIED             _____

WITHDRAWN                         _____

Federal Civil Jury Instructions of the Seventh Circuit, 7.23, Damages: Compensatory.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


| | | |
|---|---|---|
| CHRISTOPHER PARISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:3:07-CV-452-RL |
| | ) | |
| | ) | |
| CITY OF ELKHART, INDIANA, | ) | |
| STEVE REZUTKO, STEVE AMBROSE and | ) | |
| TOM CUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

PROOF OF SERVICE

_____

I hereby certify that on the 18th day of October, 2010, I electronically filed a complete copy of the Defendant, City of Elkhart's, Revised Proposed Issue and Final Jury Instructions and this Proof of Service with the Clerk of the Court CM/ECT system.

Andrew S. Williams, Awilliams@hsk-law.com
Dinah H. Sampson, dsampson@hsk-law.com
Elizabeth C. Wang, elizabethw@loevy.com
Gayle M. Horn, gayle@lovey.com
Jon Loevy, jon@loevy.com
Lynn E. Kalamaros, lkalamarso@hsk-law.com
W. William Hodes, wwh@hodeslaw.com


NEWBY, LEWIS, KAMINSKI AND JONES, LLP


By:  /S/ Martin W. Kus