IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPER PARISH, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Lozano |
| | ) | |
| v. | ) | Case No. 07-0452 |
| | ) | |
| CITY OF ELKHART et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL PROFFER**

Plaintiff, by his counsel, respectfully submits the following supplemental proffer on the issue of allowing evidence relating to Cooper, the DNA exclusion of Cooper, and the DNA connection to Mr. Ervin.

**11.    The Fact That The J-Hat Recovered At The Scene Had A DNA Profile On The Sweatband That Did Not Match Plaintiff**

At a minimum, Plaintiff should be permitted to elicit that the J-hat recovered at the scene had a DNA profile on the sweatband that did not match Plaintiff.  Defendants have never offered any reason, much less a persuasive reason, why this evidence should continue to be excluded.

**12.    Defendants' Own Argument With the Evidence Tech That Evidence Corroborating the Victims Thereby Implicates Parish**

During Defendants' examination of Evidence Technician Katowich, there was a suggestion that the physical evidence did implicate Plaintiff because it confirmed the victims' account.  That was the same logic that supported the use of the Cooper identification against Plaintiff at the criminal trial: their ability to identify both men was used to bolster the identification of Parish.  Conversely, therefore, the fact that the victims misidentified Cooper supports the opposite inference.

**13.     Absence Of Any Connection Between Parish and Cooper Undermines the Legitimacy of Rezutko's Investigation**

Rezutko admits that no one ever discovered any connection between Parish and Cooper, and claims he never even looked.  The two men both insist that, to this day, they do not know each other, have never met each other, and have never even been in the same room together.  The fact that Rezutko ignored the absence of any connection undermines the legitimacy of his investigation.

**14.     Cooper's Testimony That Rezutko Threatened Him After He Beat The Purse Snatching Case**

Further supplementing the proffer made to the Court last week, Cooper would testify that on the day the purse snatching case was resolved in his favor, Rezutko approached him and tried to get him to admit guilt in the Kershner shooting, threatening him that he was going to "sit on this egg" or some words to that effect.  Cooper would further testify that he had nothing to do with either crime.

**15.     Debery Coleman**

Though the Court permitted Debery Coleman's testimony, there is no way to tell the story if references to Cooper are excluded.  Absent the full story, the jury is left with the misimpression that a jailhouse snitch genuinely called up with information about Parish.  The inability to explain that Coleman happened to be in a cell with a man falsely accused of the same crime is the missing piece of the story, without which the evidence hurts Plaintiff more than it helps him.

**16.     Johlanis Ervin**

If permitted, Plaintiff would have called Johlanis Ervin, a man identified by DNA as the shooter, to testify that he never met Plaintiff in his life.  Ervin would also provide a foundation

2

for the photographs of the Ervin brothers attached as Plaintiff's trial exhibits.

### 17.  Rezutko's Misconduct Vis-À-Vis Cooper Goes To Punitive Damages

The fact that Rezutko framed not one, but two men, both in the same investigation, is relevant to punitive damages.  BMW of North America, Inc. v. Gore, 517 U.S. 559, 577 (1996) ("[A] recidivist may be punished more severely than a first offender [because] repeated misconduct is more reprehensible than an individual instance of malfeasance.").

### 18.  The Fact That The Victims Believe The Culprits Were The Ervin Brothers Goes To Innocence

To be clear, Plaintiff is not relying exclusively on the DNA link to Johlanis Ervin as evidence probative to innocence.  The victims testified that they presently believe the true culprits may well be the Ervin brothers.  That too is probative, and should be admitted.

WHEREFORE, Plaintiff respectfully requests that this Court reconsider and permit references to Cooper, to the DNA exclusion of Cooper, and/or the DNA match to Johlanis Ervin.

RESPECTFULLY SUBMITTED:

/s/ Jon Loevy

Arthur Loevy
Jon Loevy
Heather O'Donnell
Pier Petersen
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

W. William Hodes
The William Hodes P.C.
8125 Raven Rock Drive
Indianapolis, IN 46256
(317) 578-0258

**Attorneys for Plaintiff**

3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPER PARISH, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Lozano |
| | ) | |
| v. | ) | Case No. 07-0452 |
| | ) | |
| CITY OF ELKHART et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROOF OF SERVICE

I, Jon Loevy, an attorney, certify that on October 24, 2010, I delivered by electronic means a copy of the attached Supplemental Proffer to all counsel of record.

/s/ Jon Loevy