```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                      SOUTH BEND DIVISION
```

CHRISTOPHER PARISH, *et al.*,   )
                                )
Plaintiffs,                     )
                                )
vs.                             )     NO. 3:07-CV-452
                                )
CITY OF ELKHART, *et al.*,      )
                                )
Defendants.                     )

## OPINION AND ORDER

This matter is before the Court on: (1) Plaintiff's Rule 59 Post-Trial Motion (DE# 205), filed on November 24, 2010; Motion to Strike Declaration of Thomas DiPrete Submitted by Plaintiff in Support of Rule 59 Post-Trial Motion (DE# 223), filed by Defendants, on January 7, 2011; and (3) Motion for Protective Order (DE# 224), filed by Defendants, on January 13, 2011. For the reasons set forth below, the Rule 59 motion for a new trial is **DENIED**; the motion to strike is **DENIED**[1]; and, the motion for protective order is **DENIED as moot**.

BACKGROUND

Following a seven day jury trial, the jury found that

---

[1] This Court accepts Thomas DiPrete's declaration and Virginia Shingleton's affidavit in ruling on the Plaintiff's motion for new trial. However, because the issues in the motion for new trial do not require or involve a "battle of the experts," this Court will rule on the motion for new trial without additional discovery.

Defendants, the City of Elkhart and Steve Rezutko, violated Plaintiff Christopher Parish's constitutional right to a fair trial. As such, the jury returned a verdict in favor of the Plaintiff and against the Defendants in the amount of $73,125 in compensatory damages and $5,000 in punitive damages. The Plaintiff has filed the instant motion arguing that he is entitled to a new trial on compensatory damages or, in the alternative, a new trial on all issues.

DISCUSSION

Rule 59(a) of the Federal Rules of Civil Procedure allows this Court to grant a new trial on "all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In ruling on whether to grant a new trial, this Court is to determine "whether the verdict is against the weight of the evidence . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the moving party." *Kapelanski v. Johnson*, 390 F.3d 525, 530-31 (7th Cir. 2004)(citation omitted). The verdict will be set aside only if no "reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving the issues of credibility and weight of the evidence to the jury." *Id.* (citing *Carter v. Moore,* 165 F.3d 1071, 1079 (7th Cir. 1998).

New Trial on Damages not Warranted Because
Jury Award was Rationally Related to the Evidence[2]

Plaintiff argues that the compensatory damages awarded by the jury are insufficient and require a new trial. While not immune from judicial review, a jury's award of damages is entitled to substantial deference. *Joan W. v. City of Chicago*, 771 F.2d 1020, 1023 (7th Cir. 1985). This Court "cannot order a new trial on damages merely because [it], as a reviewing court, believe[s] the jury's award was too low. The assessment of damages is particularly within the province of the jury as the trier of fact, a province in which [the reviewing court can] not intrude unless the damages awarded are 'palpably inadequate.'" *Fenolio v. Smith*, 802 F.2d 256, 259 (7th Cir. 1986)(citation omitted).

This Court may grant Plaintiff's motion for new trial only if the verdict is against the clear weight of the evidence. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1407 (7th Cir. 1991). Thus, the verdict will stand "unless there [is] no rational connection between the evidence on damages and the verdict." *Carter v. City of Chicago*, 165 F.3d 1071, 1082 (7th 1998)(quotations and citations omitted); see also *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009); *Nussbaum v. Warehime*, 333 F.2d 462, 464 (7th Cir. 1964)(noting that the same matters are considered whether an award is excessive or inadequate). This

---

[2]For this reason, the Court also rejects Parish's request for an additur.

Court can also compare the award in this case with other compensatory awards in similar cases; however "such comparisons are rarely dispositive given the fact-specific nature of damages claims." *Id.* (citing *Harvey v. Office of Banks & Real Estate*, 377 F.3d 698, 714 (7th Cir. 2004).

Plaintiff argues that a compensatory award of $73,125- approximately $9,000 for each year spent imprisoned- bears no rational relationship to the evidence presented. Plaintiff points out that he spent a long time in jail; approximately 8 years. He further directs this Court to his testimony and that of his family and friends regarding his emotional pain and suffering associated with spending 8 years incarcerated.

While Defendants do not dispute that Plaintiff spent 8 years in jail, they nevertheless assert that the jury's verdict bears a rational relationship to the evidence presented. To start, Defendants point to Plaintiff's lack of credibility on the witness stand as a contributing factor to the verdict. Defendants recite that, at trial, Plaintiff admitted to lying in prior court proceedings and testified that he would "shade things" in his testimony if he believed it to be in his best interests. Based on this, Defendants contend that the jury likely did not adopt Plaintiff's version of the extent of pain and suffering because they did not find him credible. Surely, if the jury found Plaintiff generally not credible, a jury might not fully believe

the extent of his claimed pain and suffering.

Despite what the jury believed about the specifics of Plaintiff's damages, though, the undisputed fact remains that Plaintiff served approximately 8 years in jail. This is not an insignificant period of time. Typically, juries award large verdicts for every year of imprisonment to those whose right to a fair trial has been violated. In fact, Plaintiff has pointed this Court to a number of wrongful conviction cases from the past decade, which show that the average jury award is approximately one million dollars per year of incarceration. Thus, it is not surprising that the parties seemingly agree that the verdict in this case is out of line from many other cases where a person has been incarcerated due to a violation of his right to a fair trial.

Nevertheless, while Defendants may concede that the verdict in this case is out of line with many other cases involving a violation of one's right to a fair trial, Defendants argue that this case is strikingly different than the traditional wrongful conviction case. As such, Defendants contend that the cases cited by Plaintiff are not true comparables to this case. Defendants seek to explain the jury's award in this case and distinguish it from the many other "right to fair trial" cases presented by Plaintiff based on the fact that the jury in this case likely found Plaintiff to be guilty of the underlying charges that led to his imprisonment. Defendants point out that, unlike the typical

wrongful conviction case where a plaintiff was exonerated, acquitted or pardoned of the underlying charges, Parish was never deemed innocent of the crime that ultimately led to this lawsuit. Rather, Parish was afforded a new criminal trial due to his criminal trial counsel's ineffective assistance.

Not only was Parish not exonerated of the underlying crime, but there was evidence at this civil trial that pointed to Plaintiff's guilt of those underlying criminal charges. The Plaintiff agrees that "[j]ury doubts about Plaintiff's innocence is a perfectly rational explanation for the extreme result here." (DE# 228, p. 13). Indeed, courts rightly acknowledge that an innocent man suffers in prison far greater than a man who committed the crime. *Patterson v. Burge*, 03 C 4433, 2007 WL 1498974, *2 (N.D. Ill. May 17, 2007); *Mayes v. City of Hammond, Indiana*, No. 2:03-CV-379, 2006 WL 2054377, *9 (N.D. Ind. July 21, 2006). Thus, while trying to predict a jury's motivation is tricky at best, the jury surely may have been motivated to arrive at the verdict it did because they felt Parish was guilty of the underlying crime.

<u>Excluded evidence not basis for new trial.</u>

Since the jury likely awarded its verdict, in part, based on Parish's guilt of the underlying crime, Plaintiff argues that a new trial on damages is required because he possessed evidence which could have bolstered his claim of innocence of the underlying

criminal charges, but which was excluded by the Court. It is true that evidence tending to show a wrongfully convicted person's innocence is often times admissible on the issue of damages. For example, courts have admitted DNA evidence when it reveals a wrongfully convicted person was innocent of the underlying criminal charges. *Mayes v. City of Hammond*, No. 2:03-CV-379, 2006 WL 2054377 (N.D. Ind. July 21, 2006) (allowing DNA evidence that determined civil rights plaintiff was excluded from being the person who was the source of the semen recovered from the scene of the rape). Courts have also allowed evidence that shows another person confessed to the crime and that criminal charges against a civil rights plaintiff were dropped. *Lopez v. City of Chicago*, No. 01 C 1823, 2005 WL 563212, *8 (N.D. Ill. March 8, 2005). However, the evidence Parish sought to admit in this trial is far different than the DNA evidence in *Mayes* or confession of another in *Lopez*. In those cases, the evidence was relevant to show that the wrongfully convicted person was innocent of the underlying criminal charges. In this case, as explained by the Court when the evidence was excluded at trial, Plaintiff's evidence did not tend to establish his innocence. Instead, it went to the weight of evidence regarding the conviction of Parish's co-defendant, Keith Cooper, who was tried separately in the underlying crime.

> Evidence does not establish that
> <u>jury awarded verdict based on passion or prejudice.</u>

Plaintiff also requests a new trial because he claims that the jury must have acted out of passion or prejudice as a result of defense counsel cross-examining Plaintiff about Plaintiff's sexual history, and about his age and marital status at the time his children were born and also due to defense counsel's closing argument. It is true that a new trial on damages can be required when a jury verdict is insufficient as a result of the jury being "under the influence of passion, prejudice, or gross mistake." *Roggow v. Mineral Processing, Corp.*, 698 F.Supp. 1441, 1444 (S.D. Ind. 1998). However, this Court finds nothing in the record to support the conclusion that the jury's verdict was a result of passion or prejudice.

<u>New Trial on All Issues not Warranted Because the Court Cannot Conclude that Verdict was a Result of Impermissible Compromise</u>

Alternatively, Plaintiff argues that the jury's verdict reflects an impermissible compromise, requiring a new trial on all issues. A compromise that requires a new trial is one that "results when jurors resolve their inability to reach a determination with any certainty or unanimity on issues of liability by awarding a party inadequate damages." *Carter*, 165 F.3d at 1082(citations omitted). Plaintiff points to the amount of compensatory damages awarded and the fact that the jury returned

its verdict after 10 p.m., to support the argument that an impermissible compromise was reached. However, typically more evidence than the amount of damages is required to prove that a verdict was the result of compromise. *Id.* The real question is whether "the record itself viewed in its entirety . . . clearly demonstrate[s] the compromise character of the verdict. . . ." *Id.*

Viewing the record in its entirety, this Court cannot conclude that the verdict was a result of an impermissible compromise. The jury only deliberated for one day. During the short deliberation period, the jury never asked any questions regarding the evidence, the law or the verdict forms. There is simply no evidence that the jury was deadlocked, was confused on the issue of liability, or otherwise engaged in an impermissible compromise. In addition, after the verdict was read, the jury was polled and each juror indicated that the read verdict was his or her verdict in this case. Thus, this Court does not find that the jury's verdict was the result of impermissible compromise.

CONCLUSION

For the reasons set forth above, the Rule 59 motion for a new trial is **DENIED**; the motion to strike is **DENIED**; and, the motion for protective order is **DENIED as moot**.

**DATED: March 1, 2011**             /s/RUDY LOZANO, Judge
                                     **United States District Court**