IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PARISH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 3:07-CV-452 |
| | ) | |
| CITY OF ELKHART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Combined Motion for Attorneys' Fees and Costs and Motion for Leave to File Memorandum in Support and Additional Supporting Documentation Within 14 Days[1] (DE# 198), filed on November 15, 2010. For the reasons set forth below, this motion is **GRANTED IN PART and DENIED IN PART.** Plaintiff is awarded attorneys' fees in the amount of $173,034.38 and costs in the amount of $18,381.66.

BACKGROUND

On September 24, 2007, Christopher Parish, his children Kylup Parish, Khadijah Parish and Christopher Parish, Jr., his girlfriend or fiancé, Leticia Gary, and his mother, Gloria Parish, filed suit against Defendants, City of Elkhart, County of Elkhart, Elkhart

---

[1]The request for leave has previously been granted. The only issue remaining is Plaintiffs' request for fees and costs.

police officers, Steve Rezutko, Steve Ambrose and Tom Cutler, Elkhart County prosecutor, Michael Christofeno, and various "John Does" of the City of Elkhart. Christopher Parish ("Parish") brought federal claims of false imprisonment and violation of right to a fair trial, as well as state law claims of false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress. Parish's children, girlfriend and mother asserted derivative state law consortium claims, while Parish's children also made derivative federal law consortium claims.

On December 4, 2007, Defendant County of Elkhart filed a motion to dismiss, arguing that the complaint failed to state a claim for which relief could be granted. (DE# 20). On January 15, 2008, Plaintiffs voluntarily dismissed with prejudice Defendants Michael Christofeno, the County of Elkhart, and the various "John Does" pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (DE# 30).

On February 25, 2008, the remaining Defendants filed a motion to dismiss, seeking to dismiss all of the state and federal claims. (DE # 35). The Court dismissed Parish's Fourth Amendment false arrest claim, and state law claims of false imprisonment, false arrest and infliction of emotional distress. The Court also dismissed the state law derivative claims made by Parish's children, girlfriend and mother. (DE# 42). The only remaining claims were Parish's section 1983 claim alleging a due process

violation and his children's federal consortium claims.  (DE##'s 42, 60).

On October 7, 2008, Parish sought an interlocutory appeal of the dismissed claims.  (DE# 45).  Parish asserted that "[t]here is no just reason for delay with regard to the entry of final judgment on Plaintiff Christopher Parish's state law claims of false arrest, false imprisonment, infliction of emotional distress, and malicious prosecution, his Fourth Amendment claim for false arrest, and the other Plaintiffs' claims, as the legal issues involved in such claims are separate and distinct from the remaining Section 1983 due process claim."  (DE# 45, ¶ 6).  Accordingly, this Court permitted Plaintiffs to take an interlocutory appeal of the unrelated, dismissed claims.  (DE# 48).

On March 16, 2009, Defendants filed a motion for summary judgment on Parish's claimed violation of his right to a fair trial and also on his children's federal derivative claims.  (DE# 58). In addition, the City of Elkhart sought summary judgment on any alleged punitive damage claim.  This Court denied Defendants' motion for summary judgment as it pertained to Parish's claimed violation of his right to a fair trial.  However, this Court granted Defendants' motion in part and dismissed any alleged punitive damage claim against the City of Elkhart and also dismissed Parish's children's alleged federal consortium claims. Accordingly, Parish was the only remaining plaintiff and the

alleged violation of his right to a fair trial was the only remaining claim.

On March 8, 2010, Defendants made an Offer of Judgment to Parish in the total amount of $750,000. (DE# 197-1). This offer was not accepted by Parish.

On August 23, 2010, the United States Court of Appeals for the Seventh Circuit ruled on Plaintiffs' interlocutory appeal. (DE# 96). The court of appeals affirmed this Court's dismissal of the false arrest and false imprisonment claims, but reversed the dismissal of Parish's intentional infliction of emotional distress claim and remanded that claim back to this Court.

On September 23, 2010, Defendants filed a motion to dismiss the reinstated intentional infliction of emotional distress claim based on the Indiana Tort Claims Act. (DE# 107) This Court dismissed the intentional infliction claim pursuant to the Indiana Tort Claims Act and also reminded the parties that the consortium plaintiffs were dismissed from the case. (DE# 152).

On the morning of the first day of trial, Parish and the Defendants stipulated to the dismissal with prejudice of Defendant Steve Ambrose and Defendant Tom Culter. (DE# 162). As a result, the remaining parties were Parish and Defendants, City of Elkhart and Steve Rezutko, and the remaining claim was Parish's right to fair trial claim.

Following a seven day jury trial, the jury found that

Defendants, the City of Elkhart and Steve Rezutko, violated Plaintiff Christopher Parish's constitutional right to a fair trial. As such, the jury returned a verdict in favor of the Plaintiff and against the Defendants in the amount of $73,125 in compensatory damages and $5,000 in punitive damages.

Parish has now filed his post-trial motion seeking attorney fees and costs.

DISCUSSION

Attorney Fees

Under Title 42 U.S.C. section 1988(b), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in section 1983 civil rights actions. 42 U.S.C. § 1988. "The most useful starting point for determining the amount of a reasonable attorney fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Because Plaintiff rejected Defendant's March 8, 2010 Offer of Judgment, and ultimately received less than that offer, Plaintiff's counsel concedes that they are entitled to receive compensation only for hours billed up to March 8, 2010. To that date, Attorney Jon Loevy billed 447.5 hours at a requested rate of $425 per hour, Attorney William Hodes billed 252.1 hours at a requested rate of

$400 per hour, Attorney Gayle Horn billed 227 hours at a requested rate of $295 per hour, Attorney Russell Ainsworth billed 7 hours at a requested rate of $350 per hour, Paralegal Florence Patti billed 12 hours at a requested rate of $105 per hour, Paralegal Anne Gottschalk billed 22 hours at a requested rate of $105 per hour, Paralegal John Darragh billed 25.25 hours at a requested rate of $105 per hour, Paralegal Lauren Nagao billed 26.5 hours at a requested rate of $105 per hour and Investigator/law clerk Elliot Slosar billed 272.75 hours at a requested rate of $105 per hour. In total, Plaintiff billed 933.6 attorney hours, 272.75 law clerk/investigator hours and 85.75 paralegal hours, for a total requested fee of $410,225.

Of this billed time, Defendants claim that Plaintiff's counsel spent an unreasonable amount of time on the summary judgment response brief. Attorney Jon Loevy billed 71 hours researching and drafting a response to the motion for summary judgment. During that same period of time Attorney William Hodes billed 41.4 hours reviewing and revising that response brief. Additionally, Attorney Gayle Horn billed 11.5 hours drafting and reviewing the response brief. In addition, Attorney Russell Ainsworth billed one hour on the response brief. Then, on June 1, 2009, four paralegals billed a combined 57 hours finalizing the response brief in preparation of filing. Defendants are correct in that, based upon Plaintiff's counsel's billing entries, it is hard to tell exactly who did what

in the briefing process.

Despite not having exacting entries, this Court takes note that the response to Defendants' summary judgment motion consisted of a 25 page summary judgment response brief (DE# 71), accompanied by a 30 page statement of genuine issues (DE# 68) and 53 exhibits consisting of approximately 600 pages. Suffice to say, drafting response to Defendants' motion for summary judgment was no small task. However, 180 hours is an unreasonable amount of time to complete this task; especially, considering that it was drafted by seasoned attorneys who bill at a premium hourly rate based on their experience and expertise in this area of the law. After due consideration, based on this Court's experience with this case and the summary judgment briefing, the Court finds that approximately 70 hours of attorney time and 20 hours of paralegal time is reasonable for the work performed on the response to the motion for summary judgment. Accordingly, this Court will award 71 hours of attorney time at the rate of $425[2] per hour and 20 hours of paralegal time at the rate of $105 per hour.

Another area of concern deals with the amount of time billed for the preparation and filing of the complaint. Between March 20, 2007 and September 24, 2007, Attorney Hodes spent 21.2 hours in "research and preparation" and an additional 13 hours in drafting

---

[2]This Court chose to award the attorney fees at Attorney Loevy's rate since he was the primary drafter on the response brief.

the complaint. In addition, Attorney Loevy spent 11 hours in March researching Indiana law in anticipation of filing a complaint in this case. The 45-plus hours researching the applicable law and drafting the complaint is excessive; especially considering that the Court is examining the actions of seasoned attorneys, such as Attorney Loevy and Attorney Hodes, who bill at a premium hourly rate. While a newly admitted attorney may need to spend such an excessive amount of hours in researching the procedural and substantive law and drafting the complaint, the same cannot be said for Attorneys Loevy and Hodes. This Court will only award a reasonable amount of time related to the preparation and filing of the complaint. This Court finds a reasonable amount of time to research and draft the complaint is 20 hours of attorney time at the rate of $300 per hour.[3]

The final issue the Court takes with the requested attorney hours concerns the time Plaintiff's counsel billed reviewing documents in Parish's underlying criminal case. Between May 18, 2007, and June 7, 2007, Attorney Loevy spent 45.25 hours reviewing the documents and transcripts from Parish's underlying criminal trial. Then, for some reason, from January 15, 2008 through February 10, 2008, Attorney Horn spent 33 hours reviewing what appears to be the same documents. This Court finds that the 33

---

[3]This Court chose to award the attorney fees at Attorney Hodes' rate since he was the primary preparer of the complaint.

hours billed by Attorney Horn are redundant and excessive and will not be awarded.

In sum, this Court disallows 54.4 hours billed at Attorney Hodes' hourly rate, 11 hours billed at Attorney Loevy's hourly rate, 46.5 hours billed at Attorney Horn's hourly rate, 1 hour billed at Attorney Ainsworth's hourly rate and 37 hours billed at the paralegals' hourly rate.

As to the attorney hourly rates requested, Defendants take issue only with the $400 hourly rate requested for Attorney William Hodes. Defendants point out that civil rights is not Attorney Hodes's primary area of concentration and he admittedly typically charges less than $400 an hour for legal services outside his primary concentration. An attorney's actual billing rate for comparable work is "presumptively appropriate" to use as a reasonable rate here. *People Who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). In this case, Attorney Hodes states that when he works on matters in the area of his primary concentration he typically bills between $350 and $600 per hour. The problem here is that this case did not involve his areas of concentration. (Hodes Aff. ¶ 15). Not only is civil rights not his primary area of concentration, but it appears that Attorney Hodes has little experience in this area. Thus, it would be unreasonable to allow him to bill for this case at the same rate as he would bill for a case in his primary concentration. Nevertheless, this

Court notes that, Attorney Hodes is otherwise experienced. He has been a lawyer over 40 years, has been a law school faculty member for 20 years, and has clerked for U.S. Supreme Court Justice Ruth Bader Ginsburg. Considering Attorney Hodes' lack of civil rights litigation experience, his work product, performance and result, this Court finds a fair rate to be $300 per hour, a rate that he admittedly charges for a long-time client or under special circumstances. *Miller v. Artistic Cleaners*, 153 F.3d 781, 784 (7th Cir. 1998).

Defendants also argue that the request for fees of investigator/law student Elliot Slosar should be stricken. Typically, investigator/law student fees can be recoverable as attorney fees. *Lawyer v. 84 Lumber Co.*, No. 96 C 0356, 1998 WL 111703 (N.D. Ill. March 12, 1998). Plaintiff seeks recovery of Elliot Slosar's time at the rate of $105 per hour. Mr. Slosar's affidavit is devoid of any information regarding his rate in past cases, and no affidavits or other evidence is designated to support the reasonableness of his rate. However, as a college graduate, law student and full-time investigator, it is reasonable for Mr. Slosar to earn a rate equal to that of a paralegal. As a result, this Court finds $105 per hour to be reasonable.

This Court finds that: the 252.1 hours billed at Attorney Hodes rate should be reduced by 54.4 hours; the 447.5 hours billed at Attorney Loevy's rate should be reduced by 11 hours; the 227

hours billed at Attorney Horn's rate should be reduced by 46.5 hours; the 7 hours billed at Attorney Ainsworth's rate should be reduced by 1 hour; the 272.75 of hours billed at the paralegals' rate should be reduced by 37 hours; and Attorney Hodes' hourly rate will be awarded at $300 per hour. As a result, this Court finds that the lodestar is $346,068.75. However, although the lodestar is presumptive, the resulting product after multiplying the reasonable fee by the reasonable number of hours expended on the litigation is not the end of the inquiry. Many other factors[4] can be considered in arriving at a reasonable award of attorneys' fees; the amount of the appropriate fee must be determined based on the facts of each case. *Hensley*, 461 U.S. at 429.

A plaintiff who obtains a recovery of damages in any amount is deemed a prevailing party and is eligible for a fee award. *Farrar v. Hobby*, 506 U.S. 103, 113-14 (1992); *Simpson v. Sheahan*, 104 F.3d 998,1001 (7th Cir. 1997). However, while a plaintiff's degree of success does not affect the eligibility for an award, it does bear on the propriety of the award. *Id.* In fact, the Supreme Court has deemed the "degree of success obtained" to be "the most critical

---

[4]Some illustrative examples are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Riverside*, 477 U.S. at 568, n.3.

factor in determining the reasonableness of a fee award. *Id.* at 114; *Simpson*, 104 F.3d at 1001. In this Circuit, the "relevant indicia of success" are: "(1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose of the litigation." *Farrar*, 506 U.S. at 122. When a plaintiff prevails on some claims and not others the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley,* 461 U.S. at 436-37. Simply put, a plaintiff should recover "only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440.

Defendants argue that the lodestar should be reduced or eliminated due to Plaintiff's limited success. Defendants point out that, while Parish is a prevailing party because he was awarded damages for his due process claim, many other claims and parties were dismissed. At the end, Parish was the only plaintiff out of the original five that was ultimately deemed a prevailing party. In addition, Parish only prevailed as to one claim out of the seven claims originally brought, and he was only successful on that claim against two out of the seven original defendants. Moreover, Defendants assert that Parish only was partially successful on the one claim he prevailed on. While Parish sought approximately $14 million dollars from the jury, and in the process turned down a

$750,000 settlement offer, the jury awarded Parish only $73,000. It is this limited success - the failure of many Plaintiffs, the failure of many claims, and limited success on the only prevailing claim - that Defendants rely on to seek a reduction or elimination of the requested fee award.

In response, Plaintiff argues that the lodestar should not be reduced. Sporting a far different view of the litigation, Plaintiff claims that he was fully successful. Plaintiff suggests that the dismissed claims cannot be separated from his prevailing claim. They are all, in essence, seeking the same thing. Plaintiff argues that he was victorious on his main claim - section 1983 due process violation - and, in reality, recovered for all of the alleged injury that the dismissed complimentary claims sought. As to the rejection of the settlement offer, Plaintiff concedes that he cannot recover attorney fees after that offer was made since Plaintiff recovered less than the offer. This resulted in Plaintiff's counsel not being compensated for "the hundreds of hours of work spent preparing for and conducting trial." This, Plaintiff asserts, is the only intended result of rejecting the settlement offer. Plaintiff argues that it would be unfair to also reduce the lodestar due to the rejection of the settlement offer.

Despite Plaintiff's argument to the contrary, Parish's due

process claim is "distinctly different[5]" than the dismissed false arrest, false imprisonment, emotional distress, and malicious prosecution claims. See *Illinois Welfare Rights Organization v. Miller*, 723 F.2d 564, (7th Cir. 1983)(noting that "distinctly different" means claims based on different facts and legal theories). These claims are, in large part, based on different facts and legal theories. The consortium claims of the dismissed plaintiffs are also distinctly different from the right to fair trial claim, as the consortium claims of Parish's family members are based on different legal theories than Parish's claim. Helping bolster this Court's conclusion is Plaintiffs' own view of the claims expressed earlier in this litigation. When Plaintiffs requested an interlocutory appeal of the dismissed claims, they argued that the "state law claims of false arrest, false imprisonment, infliction of emotional distress, and malicious prosecution, his Fourth Amendment claim for false arrest, and the other Plaintiffs' claims, as the legal issues involved in such claims are separate and distinct from the remaining Section 1983 due process claim." (DE# 45, ¶ 6).

This Court cannot say that Plaintiffs obtained "excellent

---

[5]The finding that some claims are distinctly different than the successful due process claim is largely inconsequential. Usually, time spent on unsuccessful, distinctly different claims is not compensated. *Hensley*, 461 U.S. at 435. However, because the Parish's attorneys' bills are vague, the Court's reduction is based on Parish's limited success in this litigation. Reducing the fee award based on limited success is the method used when related claims are unsuccessful. *Id.*

-14-

results, commanding a full award of fees." *Hensley*, 461 U.S. at 435. Instead, Parish enjoyed limited success and, as a result, this Court finds there should be a reduction in the lodestar. Many plaintiffs were dismissed, and many claims that were distinctly different from the sole prevailing claim have been dismissed. It would be best to go through Plaintiff's requested fees and carve out those hours spent on the unsuccessful, distinctly different claims. Unfortunately, though, Plaintiff's attorneys' descriptions contained in their time entries are too vague to allow that.[6] And, while it is clear that there were many unsuccessful claims and a single successful claim, this Court will not simply engage in "claim counting" and apply "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon. *Sottoriva v. Claps*, 617 F.3d 971, 976 (7th Cir. 2010)(citation omitted). As a result, the Court is left with no option but to reduce the award based on Parish's limited success. *Hensley,* 461 U.S. at 436-37.

Notably, this Court does not feel as though the verdict on the right to fair trial claim justifies a reduction of the lodestar. Indeed, the vindication of Parish's civil rights, plus the award of punitive and compensatory damages, is enough to warrant full

---

[6]It is possible to decipher a few entries. As Defendants point out, Plaintiffs' counsel and paralegals have billed $45,447,50 in fees specifically on state law issues. Most of the work performed on the state law issues cannot be recouped here. Outside of those few entries, however, a precise determination as to what needs to be carved out cannot be ascertained due to the vagueness of the fee entries.

success on his due process claim for purposes here. *County of Riverside v. Rivera*, 477 U.S. 561, 574-81 (1986); *Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007). Thus, Parish is considered fully successful on his due process claim for purposes of awarding attorney fees.

Although Parish was the only prevailing plaintiff of the original six plaintiffs, he was unquestionably the main plaintiff. And while the due process claim was the only successful claim of the numerous claims alleged in the complaint, it was one of Parish's primary claims. However, much work was done on this case regarding unsuccessful, unrelated claims. For the reasons set forth above, and after due consideration, this Court finds that Plaintiff's requested attorney fee petition should be reduced by 50% based on Plaintiff's limited success. As a result, this Court awards a reasonable fee to Plaintiff's counsel in the amount of $173,034.38.

Litigation Costs

Of the billed litigation costs, Defendants take issue with the investigatory service expenses and also a duplicate expense for a trip to Corbin, Kentucky, for witness depositions. In total, Defendants seek to disallow $6383.96 of the costs requested by Plaintiff. While an investigator's fees may be awarded as attorney fees under Section 1988, the bill of costs that can be taxed

against the opposing party is governed by Section 1920 and Rule 54(d) of the Federal Rules of Civil Procedure.

Rule 54(d) allows the Court to award costs to a prevailing party. Fed. R. Civ. P. 54(d). However, not all expenses incurred in litigation are recoverable. *Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 864 (7th Cir. 1981). In applying Rule 54(d), this Court looks to the general taxation of costs statute. *Id.*; 28 U.S.C. § 1920. Section 1920 does not specify that expenses of an investigator are recoverable. Parish does not argue to the contrary. Nor does Parish argue that the claimed expenses for an August 7, 2008, trip to Corbin, Kentucky, are not duplicative. As a result, this Court will disallow $6383.96 of the costs requested by Plaintiff.

Accordingly, costs are to be taxed in favor of Plaintiff, Christopher Parish, and against Defendants, City of Elkhart and Steve Rezutko, in the amount of $18,381.66.

CONCLUSION

For the reasons set forth above, this motion is **GRANTED IN PART and DENIED IN PART.** Plaintiff is awarded attorneys' fees in the amount of $173,034.38 and costs in the amount of $18,381.66.

**DATED: April 11, 2011** /s/RUDY LOZANO, Judge
**United States District Court**